Mina **KRONENBERG**, Esther Feldman and Gala Jane Cohen, on behalf of themselves and all other holders of securities of the Hotel Governor Clinton, Inc., similarly situated, Plaintiffs,

v.

**HOTEL GOVERNOR CLINTON, INC.** and Milton Kestenberg, Meyer A. Shatz and Jules Leiblich, Defendants.

No. 66 Civ. 1297.

United States District Court
S. D. New York.

Oct. 18, 1967.

On Reargument March 19, 1968.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendant Kestenberg; Gerald Walpin, Joseph Zuckerman, New York City, of counsel.

Fink, Weinberger & Levin, New York City, for plaintiffs Henry A. Weinstein, Daniel S. Berman, Sheldon Schwartz, New York City, of counsel.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Defendant Kestenberg moves pursuant to Rules 12(b) (6) and 23, F.R.Civ.P., to dismiss this suit as a class action upon the ground that this is not an appropriate case for the maintenance of a class action. The two other individual defendants have joined in the motion.

A previous motion to dismiss as a class action on the same ground, made by these three defendants, was denied by Judge Palmieri in an opinion dated August 16, 1966. Judge Palmieri held that at that stage of the case it appeared (1) that there were "sufficient common questions of law and fact to permit this action to proceed subject to certain conditions;" (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy;" and (3) that the contention that the class was not adequately defined was not well taken, and that "it cannot be said that the named plaintiffs do not adequately represent the class."

Judge Palmieri's opinion thoroughly discusses the basis of the action, and the factual and legal considerations bearing on a motion of this nature. It is unnecessary to repeat that discussion here.

The order entered on his opinion dated October 28, 1966, denied defendants' motion without prejudice to a renewal

"if at any time during or after pretrial proceedings the facts reveal (a) that the alleged misrepresentations were so varied as to render inappropriate a class action or (b) that the named plaintiffs do not adequately represent the class."

It directed that the action was to be divided into two sub-classes covering respectively the first and second counts of the complaint; that a list of all unnamed plaintiffs should be prepared and that the attorneys for the plaintiffs should send a notice pursuant to Rule 23(c) (2) in the form and language prescribed by the order to each of the unnamed plaintiffs giving each the option to request exclusion from this litigation with returns to be filed with the clerk of the court. Finally, the order enjoined the prosecution of any claims for relief by any unnamed member of the sub-class, except those who elected to exclude themselves from this litigation.

The notice to be sent to all members of the class prescribed by Judge Palmieri's order after describing the nature of the action stated that it was a class action on behalf of the members of the class; that a judgment would finally adjudicate the rights of all class members who did not request exclusion whether or not they joined in the action; that only those class members who elected to exclude themselves from the litigation would be free to commence or further prosecute separate actions for the relief sought; and that any member of the class not requesting exclusion might enter an appearance through his counsel. It required any class member who desired to be excluded from the litigation to sign a form so signifying and return it to the clerk of the court.

The prescribed notice was sent to all members of the two sub-classes. It was accompanied by a letter from the attorneys for the plaintiffs which was unauthorized by Judge Palmieri and

which will be referred to again later. Infra, p. 625. A number of elections to be excluded were received but, not surprisingly, a substantial majority of the members of the class did not reply at all.

Defendants' renewed motion to dismiss proceeds on the theory that since Judge Palmieri's decision circumstances have so radically changed as to demonstrate that this suit is not properly maintainable as a class action. In the light of Judge Palmieri's well-considered opinion and the determinations which he made I do not think that the defendants have made such a demonstration.

The facts upon which defendants rely are as follows:

When defendants moved before Judge Palmieri three separate actions in the New York Supreme Court were pending against these defendants charging fraud in the sale of the securities involved in the suit at bar. None of these were class actions. In one of them (Samuels) based upon state statutes the eight plaintiffs were represented by the same attorneys who represent the plaintiffs here. On the prior motion the impression was apparently given to Judge Palmieri that the eight Samuels plaintiffs would join in the suit at bar as members of the class. However, there was no commitment to that effect and after the entry of Judge Palmieri's order they all elected to be excluded from this suit. The form of Judge Palmieri's order permitted them to make such an election.

The plaintiffs in a second state court action pending when the prior motion was made (Guvarin) have also elected to exclude themselves from this action. Such election was permitted by Judge Palmieri's order and the Guvarin plaintiffs were within their rights in so doing. A third state court action falls within the terms of the injunctive provisions of Judge Palmieri's order and prosecution of that suit has been stayed.

Defendants charge that the attorneys for the plaintiffs misled Judge Palmieri

as to the position of the Samuels plaintiffs whom they also represented and that the election of the Samuels plaintiffs to exclude themselves from this action was in bad faith. Defendants urge that the elections of both the Samuels plaintiffs and the Guvarin plaintiffs to be excluded are changes of circumstances which now indicate that this suit is not maintainable as a class action.

As Judge Palmieri pointed out in his opinion the prosecution of separate actions in the state courts by individual plaintiffs does not necessarily preclude the continuance of this action as a class action. The two state court actions which remain active were pending at the time of Judge Palmieri's decision and the plaintiffs in those actions were given the option to exclude themselves from this litigation by the terms of the order entered on that decision. While a misleading impression as to position of the Samuels plaintiffs may have been given by plaintiffs' attorneys when the motion was submitted to Judge Palmieri, the order plainly contemplated the possibility of their exclusion and they were within their rights in electing to be excluded, as were the Guvarin plaintiffs also. I do not consider the election of the Samuels and Guvarin plaintiffs to exclude themselves to be such a change of circumstances as to demonstrate that the determination made by Judge Palmieri should be altered at this time.

Defendants contend that the responses to the notice prescribed by Judge Palmieri's order of the option to exclude also demonstrate that a class action is not maintainable since they show that plaintiffs do not adequately represent the class.

The figures with respect to the members of the class who elected to exclude themselves from the suit at bar are somewhat confusing. As far as I can ascertain, however, of the 196 members of the sub-class involved in the first count of the complaint some 145 who

invested $854,500 of the total investment of approximately $1,250,000 did not reply to the notice and did not elect to exclude themselves from this suit. These include some 24 persons who had invested some $127,000 but could not be located by the postoffice. Thus there were 121 shareholders holding $727,500 of investment who received the notice and did not request exclusion.

The 51 members of the class who elected to exclude themselves had investments of $395,500. However, these included a number of persons who were apparently members of the syndicate under attack or closely related to members of the syndicate. The latter group are claimed by plaintiffs to have had investments of some $116,000 and this is not denied by defendants. The elections by members of this group to be excluded seem to be of little, if any, significance in the picture as a whole.

Subtracting the amount of their holdings from the total investment of those electing to be excluded of $395,500, leaves only $279,500 of investment out of the total of $1,250,000 whose election to be excluded could be of significance. And this figure includes also the plaintiffs in the two non-class actions pending in the state courts at the time of the prior decision whose exclusion was permitted by the terms of Judge Palmieri's order. All of those excluded are now barred from participating in any manner in the action at bar. It appears that the statute of limitations has run against all such claims except the two on which suit in the state courts was already pending. Such claims plainly create no problem as far as the present suit is concerned.

In any event the amount of those in the first sub-class electing to be excluded is relatively small as compared with the amount and numbers of those who did not so elect. It cannot be said, as defendants seem to argue, that the failure of unnamed members of the class to reply to the notice sent them or to appear or intervene indicates that they do not "support" this suit or have no interest in it. The prescribed notice required reply only from those who elected to be excluded. No action was required by those who did not wish to be excluded. Indeed, in the course of settling the order Judge Palmieri struck from the proposed notice a provision for an election to be *included* in the suit on the ground that such an election was not called for by Rule 23.

In the light of the relatively small numbers and amount in sub-class two, the duplications and the close relationship between the sub-classes, it is unnecessary to discuss the exclusions in the second class here.

I do not find that the exclusions as a result of the notice sent pursuant to Judge Palmieri's order are a change in circumstances sufficient to demonstrate that the suit at bar is not maintainable as a class action because the plaintiffs do not adequately represent the members of the class.

Defendants stress the fact that the notice prescribed by Judge Palmieri's order was accompanied by a letter from the attorneys for the plaintiff addressed to the members of the class. There is no doubt that this letter was not authorized or contemplated by Judge Palmieri's order. The order was evolved only after extensive proceedings before Judge Palmieri to insure that fully fair, adequate and comprehensive notice was given to the members of the class. The sending of any communication by the attorneys for the plaintiffs in addition to the prescribed notice was improper. The communication which was sent was particularly so since there are inferences which might easily be drawn from it which do not reflect accurately the legal position of the members of the class.

The defendants would have the court dismiss the action as a class action because plaintiffs' attorney sent this communication. It must be remembered, however, that what the court is primarily concerned with here is not the interests of the named plaintiffs and their attorneys but the interests of the

members of the class. It may be that many members of the class did not elect to exclude themselves from this suit in reliance on the notice prescribed by Judge Palmieri believing that their interests as members of the class would be protected by the suit at bar. At the time the present motion to dismiss was made the statute of limitations against such claims was about to run and by now has expired. Thus the only protection available for members of the class lies in the instant suit. I am not prepared to deny them this protection at this stage of the proceedings and on the present record.

The question of what effect the conduct of plaintiffs' attorneys in sending this unauthorized communication may have on problems as to representation which may arise during the further course of this litigation is not now before me and I do not pass upon it. All that I hold at this juncture is that the conduct of plaintiffs' attorneys is not such a change in circumstances as to require a determination that the action is not now maintainable as a class action with the result of barring unnamed members of the class from any relief to which they may be entitled.

Finally, defendants urge that it has now been demonstrated that the action is not suited for treatment as a class action because of material variation in the alleged representations to members of the class. Defendants claim that such variations would make this suit unmanageable as a class action.

In support of this contention defendants rely principally on depositions of two plaintiffs in the Samuels action in the state court, one plaintiff in the Guvarin state court action and one member of the class in the case at bar. This testimony is quite insufficient to demonstrate that the variations in the alleged representations make this action unmanageable.

In the first place the plaintiffs in both the Samuels and Guvarin actions have elected to exclude themselves from this suit perhaps for the very reason of variation in representations. Two of the depositions in the state court actions which contain testimony on which defendants rely were taken prior to Judge Palmieri's decision. Any variations there may be as to the representations made to the plaintiffs in the state court actions could not possibly make this suit unmanageable.

As far as the deposition taken in this suit is concerned, assuming that variations in alleged representations as to the single member of the class whose testimony is involved were shown, this is quite insufficient to show unmanageability. As Judge Palmieri said:

"While there may be different kinds of misrepresentations alleged with respect to different plaintiffs, including some oral misrepresentations, and while such factors might have led to a dismissal of a class action under the old rule, e. g., Speed v. Transamerica Corp., 5 F.R.D. 56 (D.Del.1945); Gilbert v. Clark, 13 F.R.D. 498 (D.Mass. 1952), the new Rule 23 provides the flexibility to permit this action to proceed. It may very well develop that the misrepresentations made to the purchasers were in fact very similar, if not identical. If, on the other hand, the facts should reveal in the course of the pre-trial development of the case that the alleged misrepresentations were so varied as to render the action unmanageable (Fed.R.Civ.P. 23 (b) (3) (1)), the Court can order that the class allegations be stricken and that the action proceed on behalf of the named plaintiffs alone. Fed.R. Civ.P. 23(c) (1) and 23(d) (4)."

■ The facts before me are not sufficient to show that the alleged misstatements were so varied as to render the action unmanageable and to dictate the entry of an order such as is referred to in the last sentence of the quotation from Judge Palmieri's opinion.

Thus, the various facts and circumstances relied on by the defendants, either considered piecemeal or taken in totality, are not sufficient to dictate a different conclusion at this stage of the litigation from that reached by Judge Palmieri.

The defendants' motion to dismiss as a class action is therefore denied at this time, subject, however, to renewal if the conditions for such renewal provided by Judge Palmieri's order are met.

It is so ordered.

## ON REARGUMENT

Defendant Kestenberg has moved to reargue my decision of October 18, 1967, denying defendants' motions to dismiss this suit as a class action. The other two individual defendants have joined in the motion to reargue.

The motion for reargument is granted and on reargument I adhere to my decision of October 18, 1967.

Defendant urges that the court overlooked defendants' offer, made on oral argument but not confirmed by any subsequent formal papers, to extend the statute of limitations against non-excluded members of the class for a reasonable period after dismissal of the action as a class suit.

The bar of the statute of limitations against members of the class was only one of the elements considered in denying the motions to dismiss as a class action. Taking into account the other elements stated in my opinion and particularly in the light of the liberal construction just given to Rule 23, F.R.Civ.P. by the Court of Appeals of this Circuit in Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (decided March 8, 1968),[1] I am not persuaded that I should change my decision of October 18, 1967. That decision is adhered to.

It is so ordered.

[1]. The *Eisen* opinion cites with approval Judge Palmieri's decision in the case at bar denying defendants' original motion to

dismiss as a class action. 41 F.R.D. 377 (S.D.N.Y.1966).