Ella **OSTROFF** and Isidor Ostroff, Plaintiffs,

v.

**HEMISPHERE HOTELS CORPORA-TION et al., Defendants.**

No. 72 Civ. 1570.

United States District Court,
S. D. New York.

June 1, 1973.

**460**

Schoengold & Sporn, New York City, for plaintiffs.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendants Burnham and Co. and others.

Cahíll, Gordon, Sonnett, Reindel & Ohl, New York City, for defendants Charles Wohlstetter and Peat, Marwick, Mitchell & Co.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants Lindsey Hopkins, Oscar F. Miller and Thomas M. L. Gillespie.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendant Ladenburg, Thalmann & Co.

Royall, Koegel & Wells, New York City, for defendants Dreyfus & Co. and Moore & Schley, Incorporated.

Baker & McKenzie, New York City, for defendant McCormick & Co., Incorporated.

Shea, Gould, Climenko & Kramer, New York City, for defendant John E. Marqusee.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Herbert J. Siegel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs instituted this action on April 17, 1972, on behalf of themselves and other shareholders of Hemisphere Hotels Corporation ("Hemisphere"), to enforce rights allegedly arising under the Securities Act of 1933 and the Securities Exchange Act of 1934 and the rules promulgated thereunder.[1] The complaint alleges that plaintiffs, who are citizens of the State of Pennsylvania, "purchased 200 shares of the common stock with warrants (units) of defendant Hemisphere" which were offered and sold pursuant to a Registration Statement and Prospectus of Hemisphere dated December 23, 1969; and that "[p]ursuant to the Prospectus and Registration Statement, 620,000 shares of Hemisphere's common stock were offered and sold to members of the public

---

1. Plaintiffs allege causes of action under all of the following: §§ 11, 12(2), 15, and 17(a) of the Securities Act of 1933; § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder; and the common law.

at the price of $12.00 per share on December 23, 1969, and thereafter." The complaint further alleges that the Registration Statement and Prospectus contained "[u]ntrue statements of material facts; [o]mitted to state material facts required to be stated therein; and [o]mitted to state facts necessary to make the statements not misleading"; and that the "Prospectus was deliberately designed to and did conceal, confuse and mislead by breaking up material facts and information into small bits and pieces which were then strewn through [the Prospectus]." The complaint sets forth in detail the alleged false statements and omissions.

Plaintiffs now move to have this action declared a class action pursuant to Rule 23, F.R.Civ.P., on behalf of "those persons, like the plaintiffs, who bought these units after the effective date of the Registration Statement and the Prospectus."[2] Defendants consent that the action be conditionally denominated a class action, provided that the members of the class, who do not opt out, be required to file verified proofs of claims.

On the basis of the affidavits filed in connection with this motion, this Court finds that pursuant to Rule 23 there is sufficient basis to denominate the action as a conditional class action. Plaintiffs allege that there are over 700 potential class members, which makes the joinder of all members impracticable.[3] It is undisputed that all of the units sold were pursuant to the same Registration Statement and Prospectus. Therefore, whether these contained false or misleading statements presents a question of law and fact common to all members of the class. It is also undisputed that plaintiffs' claims are typical of those of all other potential members of the class, and that plaintiffs' counsel will fairly and adequately represent the interests of the class.

Pursuant to Rule 23(b)(3), the Court finds that the issues raised by the complaint with respect to the Registration Statement and Prospectus predominate over other issues which may arise as to individual members of the class, such as reliance, etc.

It appears that no other actions based upon the claims made herein are pending before other courts, and that in the interest of conserving judicial and legal resources, the common claims of all purchasers of Hemisphere units should be determined in one proceeding. Accordingly, the Court finds that a class action is superior to other available methods for the fair and efficient adjudication of the common questions involved.

The class is hereby conditionally defined as those persons who purchased units of Hemisphere following the Registration Statement and Prospectus of December 23, 1969.

Pursuant to Rule 23(c)(2), notice will be directed to members of the class at the earliest possible date and in a form to be approved by the Court. The notice shall advise class members that they may request exclusion from the class provided that they request such exclusion in writing by the date specified in the notice. The notice shall also advise class members that any eventual judgment, whether favorable or not, will include all members who have not requested exclusion. Finally, the notice shall advise class members not requesting exclusion that they may, but need not, enter an appearance in the action through their counsel. The costs of the notice will be borne by the plaintiffs. Eisen v.

2. According to plaintiffs' affidavits, in February 1971 both voluntary and involuntary petitions in bankruptcy were filed with respect to Hemisphere, and trading in its stock ceased.

3. Defendants believe that the number in the class may exceed 700.

Carlisle & Jacquelin, 479 F.2d 1005 (2d Cir. 1973), rehearing en banc denied, 479 F.2d 1005 (2d Cir. 1973).

Defendants argue that class members should be required to file verified proofs of claims in response to the notice as a condition to their continued membership in the class. They argue that this requirement is necessary at this stage of the litigation in order to establish the true dimensions of the class, to help frame the course and extent of future discovery, and to help in effectuating a settlement of the litigation.

■ While such a condition has been imposed in a number of cases, see, e.g., Siegel v. Realty Equities Corporation, Civil No. 70–4338 (S.D.N.Y., order entered April 7, 1972); Harris v. Jones, 41 F.R.D. 70, 74–75 (D.Utah 1966), the January 1, 1973 revision of the Manual for Complex Litigation states that such a requirement must, under Rule 23 as it is presently written, be regarded as a clear abuse of discretion. Manual for Complex Litigation at 3 F. See cases cited therein and Kronenberg v. Hotel Clinton, Inc., 281 F.Supp. 622, 625 (S.D.N.Y.1968).

Rule 23(c)(3) provides: "The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class."

In light of the above, the Court will not require at this stage of the litigation that class members file verified proofs of claims. Accordingly, defendants' request for such a requirement is denied, but without prejudice to renewal after the size of the class has been ascertained and discovery completed.

For the foregoing reasons, plaintiffs' motion to have this action declared a class action is granted.

Settle order on notice.