June BAILEY, et al., Plaintiffs,

v.

COST CONTROL MARKETING AND SALES MANAGEMENT OF VIRGINIA, INC., et al., Defendants.

Civ. A. No. 89–0041–C.

United States District Court, W.D. Virginia, Charlottesville Division.

Sept. 7, 1990.

---

4. Items (1) through (6) are reproductions or copies of documents obtained from Greenville County Planning Commission.

F. Bosley Crowther, III, Palmyra, Va., for plaintiffs.

Francis T. Eck, Richmond, Va., for Cost Control Marketing & Sales of Virginia, Inc., Spectrum Abstract Corp., Cost Control Marketing & Management, Hugh Boyle, Monticello Development Corp.

John Shields, Brien A. Roche, Johnson & Roche, McLean, Va., for Long & Foster Real Estate, Inc.

M.E. Gibson, Jr., Christine Thomson, Charlottesville, Va., Bradley Fitzgerald, Woods, Rogers & Hazelgrove, Roanoke, Va., Marshall E. Anders, Rosenblum & Anders, Stroudsburg, Pa., for Northeastern Bank.

## MEMORANDUM OPINION

MICHAEL, District Judge.

By a previous Order of this Court, a plaintiffs' class was certified in this case pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. On July 20, 1990, notice of the class action was mailed to all prospective class members pursuant to Rule 23(c)(2), and in order to allow potential members to exclude themselves from class litigation, a "Request for Exclusion From Class" form was attached to the notice. According to the terms of the notice, potential class members had until September 14, 1990 to complete "Request for Exclusion From Class" forms and thereby "opt out" of class membership.

On July 25, 1990, Oliver and Ellen Auodoun signed and delivered to the Clerk of Court their "Request for Exclusion from Class" form. Subsequently, the Auodouns discussed the case with one of the attorneys for the plaintiffs' class, Bosley Crowther, Esquire. Mr. Crowther advised them that, contrary to their prior assumptions, they were eligible to participate in the class and seek money damages from the defendants. Thereafter, on August 3, 1990, the Auodouns wrote to the Court and indicated that they wished to withdraw their "Request for Exclusion from Class" form and to be included as members of the plaintiffs' class.

The Court has endeavored to find authority on the subject of whether a request for exclusion from class membership can be withdrawn at anytime prior to the deadline set for the filing of such requests for exclusion. Unfortunately, the Court has found very little authority on this point. See, e.g., Mashburn v. National Healthcare, Inc., 684 F.Supp. 660, 679 (M.D.Ala. 1988) ("Also excluded from the plaintiffs' class are those persons who have timely filed a Request for Exclusion which has not heretofore been revoked."); Oppenlander v. Standard Oil Co., 64 F.R.D. 597, 631 (D.Colo.1974) (allowing parties to revoke their request for exclusion from class membership forms). Therefore, the Court must largely conduct its own analysis of the question of whether or not a potential class

member can revoke a previously executed "Request for Exclusion from Class" form and, in so doing, regain membership in the class.

■ According to 7A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 1787 (1986) [hereinafter *Federal Practice*], "Flexibility is desirable in determining what constitutes an expression of a class member's desire to exclude himself and any written evidence of it ought to be sufficient." *See also* 2 H. Newberg, *Newberg's Class Actions* § 2475 (1977). Since the presumption under Rule 23(c)(2) is in favor of inclusion in the class, rather than exclusion from it, *see B & B Inv. Club v. Kleinert's, Inc.*, 62 F.R.D. 140, 146 (E.D. Pa.1974) ("The fundamental structure of the (b)(3) class action under Rule 23 is that all class members are bound who do not request exclusion."), the fact that flexibility should be employed in determining what constitutes a request to be excluded from class membership means that, *a fortiori*, flexibility should be employed in determining what constitutes a request to be included within the membership of the class. Therefore, the Court believes that, as long as the party makes its wishes known to the Court prior to the deadline set for requests for exclusion and those wishes are clear and unequivocal, then that party should be able to rescind any prior contrary communication to the Court asking to be excluded from the class. *Cf. In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir.1988). As stated in § 1787 of *Federal Practice*, "The key is that some communication of the member's intent ... must be received by the court prior to the entry of judgment."

■ Accordingly, because the Auodouns revoked their previously executed "Request for Exclusion from Class" form before the deadline set by the Court for withdrawal from the class and because that revocation unequivocally expresses their desire to be class members once again, this Court is of the opinion that the Auodouns have, as a matter of law, satisfactorily repudiated their withdrawal from class membership and shall be regarded as members of the plaintiffs' class for the purposes of this litigation.

An appropriate Order shall this day issue.