## THE STATE ex rel. L. C. GABBERT v. O. A. LUCAS, J. G. L. HARVEY, JAMES A. REED and INTER-STATE RAILWAY COMPANY.

In Banc, December 6, 1922.

1. **INJUNCTION: Suit Pending in Another County: Ancillary.** The circuit court does not have jurisdiction to enjoin the prosecution of an action or suit pending in another county where the main purpose is to enjoin the prosecution of such action or suit, but it does have jurisdiction where the injunction is merely ancillary to the main relief asked for.

2. ———: ———: **Attorney Fee: Suit Against Associate Counsel: Multiplicity of Suits: Accounting: Prohibition.** Where an attorney instituted suit against a member of a firm of lawyers alleging that he and said member entered into a contract whereby they were to prosecute an action for damages brought by one railway company against another; that the amount of their fee was to be contingent on a recovery in said action; that said member agreed to procure and retain all the money recovered in said action, and out of it pay their fee, each to have one-half thereof; that they prosecuted said action and recovered judgment, which was subsequently settled for $250,000, which was paid to said member: that said member retained for said firm one-fourth of said amount, and has never accounted to plaintiff for his share thereof, and asks judgment against said member for one-half the amount of the fee thus retained; and thereafter said attorney institutes another suit against said railway company in the county of its domicile and in which the members of said firm reside, in whch he seeks to recover judgment for his fee in said action, and in which he alleges a statutory attorney's lien against the railway, the main purpose of a third suit brought by the other members of said firm of lawyers against his said partner and said railway company, in the county of their residence, and against said associate attorney, to enjoin said associate attorney from prosecuting his said action against said partner pending in said other county, in which it is alleged that said railway company is about to be dissolved and its assets distributed and that the said associate attorney has released his lien against said railway company, thereby impairing the right of said firm to be reimbursed out of the assets of said company for any judgment said attorney might obtain against said member of the firm, and that if any such judgment is obtained said part-

State ex rel. Gabbert v. Lucas.

ner would have a right to compel contribution from the other partner (the plaintiff), and alleging a multiplicity of suits and asking for an accounting and that all questions in controversy between all the parties be settled in said suit in equity, is not to enjoin said associate attorney from further prosecuting his said action against said member of the firm pending in said other county, but the injunction is only incidental to the main relief prayed for, which is, as is shown by the allegations of the petition, to avoid a multiplicity of suits, to draw into one suit of equity all questions in controversy, to have the rights of all the parties adjudicated therein, and to obtain a full accounting and settlement of the claims of said associate attorney against said firm and each of its members and against said railway, and the claims of said firm against said railway in the event said attorney is shown to be entitled to judgment against said firm; and such being the main purpose of the action, and said injunction being only incidental to the main relief prayed for, the circuit court had jurisdiction to entertain said third suit.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*W. B. Norris* for relator.

(1) A writ of prohibition to prohibit a circuit court from entertaining an injunction suit will be granted where such court has no jurisdiction of the suit. Under Section 1951, Revised Statutes 1919, where the injunction is the primary purpose of a suit and not incidental to some other relief, the suit must be instituted in the county where the proceeding is pending which is sought to be stayed. State ex rel. Fenn v. Riley, 127 Mo. App. 469; Carthage National Bank v. Poole, 160 Mo. App. 133. (2) It cannot be said that the injunction complained of in this case is merely incidental to some other equitable relief prayed for, unless there was a partnership existing between the relator Gabbert and the respondents Reed and Harvey. The theory of the Harvey petition, upon which the injunction was issued, is based upon such a partnership; otherwise, according to the allegation of the petition, the respondent Harvey

has no standing in a court of equity, unless such partnership existed. Said petition alleged that no such partnership existed. Before respondent Harvey could recover in the Jackson Circuit Court he must have alleged and proved that such a partnership did in fact exist and if, upon the trial of the merits, the court should find that no such partnership in fact existed between the parties, which, according to the allegation, the Harvey petition states to be the fact, such finding would end the case, for the reason that respondent Harvey could not be interested in the litigation now pending in the Buchanan Circuit Court between relator Gabbert and respondent Reed. So the injunction issued by the Jackson Circuit Court was not an incident to the relief prayed, but was the primary purpose of the suit, and therefore the Circuit Court of Jackson County had no jurisdiction to issue the injunction. (3) Although according to the allegation of the petition of relator Gabbert in the suit pending in the Buchanan Circuit Court there was a partnership existing between relator Gabbert and respondents Reed and Harvey, yet, the facts stated in the petition show no partnership and the respondent can gain no advantage from such allegation in view of the facts stated in said petition and in view of the allegation in the Harvey petition that there was no such partnership existing. Mulholland v. Rapp, 50 Mo. 42. (4) If Gabbert in the Buchanan County action sued the firm of Reed & Harvey for a partnership debt, yet, as service was obtained only on the defendant Reed and the suit was dismissed as to Harvey, such dismissal operated in law to dismiss the suit as originally brought against Harvey and by such action on the part of Gabbert he elected not to proceed against the firm of Reed & Harvey as partners, such was an abandonment on the part of Gabbert to look primarily to the assets of the firm of Reed & Harvey for the violation of his contract made with respondent Reed. Cowen v. Lemming, 111 Mo. App. 253. (5). If there should be a judgment obtained in the Buchanan

County action against Reed, such judgment could not be levied upon any of the partnership assets of the firm of Reed & Harvey, but only upon the individual assets of the defendant Reed. Hill v. Bell, 111 Mo. 35. (6) The Circuit Court of Jackson County had no jurisdiction to issue the injunction without notice to the relator Gabbert, and in so acting exceeded its jurisdiction. Sec. 1952, R. S. 1919; State ex rel. Coran v. Dearing, 236 S. W. 629.

*Jules C. Rosenberger, Frank W. McAllister* and *James E. Taylor* for respondents, O. A. Lucas and J. G. L. Harvey.

(1) Relator Gabbert in his Buchanan County action seeks to recover from Reed on an alleged partnership obligation of Reed & Harvey. This can be done, for under the statutes each partner is individually liable for all partnership obligations. R. S. 1919, sec. 2158. (2) Respondent Harvey, although not a party to the Buchanan County action, has knowledge of its pendency and possesses the opportunity to voluntarily become a party thereto, and to defend the same. Hence, he will be bound by any judgment which may be rendered and will be compelled to contribute to its payment. His property rights are, therefore, affected by the result of an action to which he is not a party. Smith v. Ayrault, 1 L. R. A. 311-315; 23 Cyc. 1270; Strong v. Phoenix Ins. Co., 62 Mo. 299; K. C. Railroad v. News Co., 151 Mo. 390; State ex rel. v. Stone, 269 Mo. 344; Titus v. Development Co., 264 Mo. 249; Wilson v. Drainage District, 257 Mo. 283; Davidson v. Ins. Co., 249 Mo. 503. (3) As the property rights of respondent Harvey are in jeopardy by reason of the pendency of the Buchanan County action, he is entitled to move in any court of competent jurisdiction to protect himself. (4) Respondent Harvey's petition in the Jackson County action states a cause of action, and said court has jurisdiction thereof. Hence, prohibition will not lie. (5)

It is within the jurisdiction of the Jackson Circuit Court to restrain the prosecution of the Buchanan County action. (a) An injunction in that respect is only incidental to the main relief sought by respondent Harvey in the Jackson County action. Davison v. Hough, 165 Mo. 577; Capitain v. Trust Co., 240 Mo. 495; State ex rel. v. Riley, 127 Mo. App. 478. (b) Relator does not limit his request for prohibition to the complaint of the issuance of a temporary injunction without notice, and lack of notice is, therefore, immaterial. As he did not apply for relief to the lower court, his objection to the temporary injunction is entirely without merit. State ex rel. v. Williams, 221 Mo. 247; State ex rel. v. McQuillen, 256 Mo. 705; State ex rel. v. McQuillen, 260 Mo. 175.

JAMES T. BLAIR, J.—The preliminary rule was issued upon the application of Louis C. Gabbert, who seeks a writ prohibiting, Hon. O. A. Lucas, Judge of the Circuit Court of Jackson County, from proceeding to hear and determine a suit instituted in that court by J. G. L. Harvey against relator, James A. Reed and Interstate Railway Company, in which Harvey seeks to bring into equity certain alleged controversies among the parties to that suit and to enjoin relator from further prosecuting an action at law against James A. Reed, in which action Harvey alleges his rights are involved.

In 1915 there was pending in the Circuit Court of Jackson County an action by Interstate Railway Company v. Kansas City, Clay County & St. Joseph Railway Company, hereafter referred to as the Interstate Case. James A. Reed and J. G. L. Harvey constitute a partnership engaged in the practice of law in Kansas City, and were employed by the Interstate Railway Company to prosecute for it the Interstate Case. Subsequently, Louis C. Gabbert, an attorney of St. Joseph, was employed and participated in the trial with Reed & Harvey. The trial resulted in a judgment for the Interstate Com-

pany in the sum of $1,500,000, from which the defend-
ant appealed to this court. Before this appeal was
heard a settlement was effected, October 20, 1917, ac-
cording to which the appellant paid the sum of $250,000
in full. Of this sum one-fourth, $62,500, was turned
over to the firm of Reed & Harvey. A controversy arose
between the Interstate Railway Company and Gabbert
concerning his fee, and he began an action against that
company in Jackson County to recover the sum of
$35,000 which he alleges was due him from that com-
pany for his services in the Interstate Case. Subse-
quently Gabbert began an action in Buchanan County
against "James A. Reed and Jacques L. Harvey, a co-
partnership" as defendants. In his petition he alleged
he was an attorney at law and that defendants were
"duly licensed and practicing attorneys in the State
of Missouri, and are and were practicing as co-part-
ners in Kansas City, Missouri, during the times here-
inafter mentioned;" that plaintiff and defendants were
employed by the Interstate Railway Company to prose-
cute an action against the Kansas City, Clay County &
St. Joseph Railway for damages in the sum of $2,000,000;
that this action was prosecuted by "attorneys, plain-
tiff and defendant, resulting in a verdict for $1,500,000
in favor of their client, which said judgment was after-
wards compromised . . . for $250,000;" "that in
all the litigation . . . said attorneys, plaintiff and
defendant, worked together to their accomplishment
and result;" that the attorneys, plaintiff and defend-
ant, were employed for a contingent fee, the amount
or percentage of which was not fixed or agreed upon;
but "plaintiff states that as a condition to his being em-
ployed in such case upon such terms, he and the above
named defendant, James A. Reed, entered into a con-
tract and agreement between themselves for the protec-
tion of the said plaintiff in securing his fee in case of
recovery in said suit. That said contract and agree-
ment was that the said James A. Reed, in the event of

a recovery and fee on account thereof should be made by the defendant railway company, was to cause and procure all the money that should be paid by the K. C. Clay Co. & St. J. Ry. Co. to pass through his hands, and that he, the said James A. Reed, would retain out of said money, so passing through his hands, the fee of plaintiff and defendant, provided plaintiff did not undertake and make a separate and distinct contract with the Interstate Ry. Co. for his fee. Plaintiff states that he agreed to and did refrain from making any separate contract and relied implicitly upon the defendant, James A. Reed, being able to procure whatever payment might thereafter be paid from the defendant to the plaintiff in said suit, and that he, the said James A. Reed, would honestly carry out the terms of his said agreement;'' that the suit and judgment were compromised as stated and, pursuant thereto, the Clay Co. Ry. Co. ''gave its draft, payable to Reed & Harvey . . . in the sum of $250,000; that said defendants, Reed & Harvey, cashed said draft,'' and, after paying some other claims, ''kept and retained $62,500 on account of attorney fee'' and paid over the balance of the $250,000 to the Interstate Ry. Co., the officers of which immediately ''made away with and secreted said'' balance as ''plaintiff had theretofore and at all times suspicioned.'' Plaintiff then alleged ''that the receiving of said sum of $250,000 by Reed & Harvey, and the application of same by them, as above stated, was all had and done without notice to and without the knowledge and during the absence of the plaintiff herein;'' that in violation of agreement with plaintiff neither the said James A. Reed, nor his co-partner, Jacques L. Harvey, have paid or tendered to the plaintiff any portion of said $62,500 so retained by them as attorneys' fees, nor has plaintiff received any sum for or on account of the services so rendered in said lawsuit. Plaintiff further states that plaintiff and defendant co-partnership became and were in said litigation a special co-partnership, and as such plaintiff is entitled to receive

one-half of whatever was paid to the said attorneys, plaintiff and defendant, in fees for such services." It is further alleged that the $62,500 was "received and retained by said defendants sometime in the autumn of 1917. Wherefore plaintiff states he is entitled to recover of and from the defendants the sum of $31,250, for which he prays judgment, together with his costs," etc.

In this action service was had upon James A. Reed, alone, and plaintiff later dismissed as to J. G. L. Harvey, and the case went to trial in November, 1921, in that condition. The result was a hung jury.

In December, 1921, J. G. L. Harvey began a suit in equity in Jackson County Circuit Court in which L. C. Gabbert, Interstate Ry. Co. and James A. Reed were made defendants. In the petition in that case Harvey alleged the co-partnership between himself and Reed, as attorneys at law, and that Gabbert was an attorney at law; that Reed and Harvey reside in Jackson County and Gabbert in Buchanan County, and that Interstate Ry. Co , a corporation, has its principal office and place of business in Jackson County; that Reed & Harvey were employed by the Interstate Ry. Co. to prosecute a pending action against the Clay Co. Ry. Co., and that "sometime subsequent to the employment of Reed & Harvey the defendant Gabbert was also employed to participate in the prosecution of said cause, but by whom plaintiff is unable to state, further than that said Gabbert was not employed by said firm of Reed & Harvey, or either of them, and that controversy exists between said Gabbert and the Interstate as' to whether he was employed by it or upon its credit, or by and upon the credit of other parties who had formerly been attorneys for the Interstate in said action." It is also alleged that the Interstate Case was settled and compromised on October 20, 1917, and on that date "Reed & Harvey were paid their fees in accordance with their contract with said Interstate." The petition then sets

up the fact that in June, 1921, Gabbert began the action, already referred to, against Reed & Harvey, and pleads the substance of the petition in that action, and then sets it out in full; details the course of that action and alleges that Gabbert is still "actively prosecuting same." Harvey then alleges that the firm of Reed & Harvey "collected from the Interstate Co. only the amount of their own fees, and that the said Gabbert is claiming that the amount so collected by said Reed & Harvey was insufficient to cover the amount due for the services rendered said Interstate by the said Reed & Harvey and the said Gabbert; . . . that

"The defendant Gabbert also claims to have a contract with the Interstate for a reasonable fee for his services in its said action, and claims that the reasonable value of such services is the sum of thirty-five thousand dollars, and plaintiff states there is now pending in the Circuit Court of Jackson County, Missouri, at Kansas City, a certain action at law commenced by said Gabbert against the Interstate, whereby he seeks to recover from it the sum of thirty-five thousand dollars, as his fees for services alleged to have been rendered said Interstate in said action.

"Plaintiff denies that a partnership was formed between the said Gabbert and the said Reed & Harvey, and denies that the said Reed, on behalf of the said firm of Reed & Harvey, agreed with the defendant Gabbert that they would jointly undertake the prosecution of said case of said Interstate, but, nevertheless, the formation and existence of such a partnership and the making of such a joint contract of employment are claimed by defendant Gabbert to be in issue in said Buchanan County suit, and plaintiff states that if in said Buchanan County suit the said Gabbert recovers judgment against the defendant Reed for one-half, or for any portion of the fees collected by said Reed & Harvey, then the said firm of Reed & Harvey would become entitled to a portion of the further fees claimed,

as aforesaid, by the said Gabbert to be due him from the Interstate.

"And plaintiff states that the damage to him in any delay in the determination of such contingent right of said Reed & Harvey to a portion of the fees claimed by the said Gabbert from the Interstate, and the delay in the enforcement thereof, would be great and irreparable, for the reasons hereinafter set forth.

"Plaintiff states that the defendant Gabbert did participate in the trial of the Interstate action, and that he had a lien to secure the payment of his fees upon the judgment rendered and the money which the railway paid in settlement, and did on October 20, 1917, serve notice of such lien upon said railway, and that thereafter in the Circuit Court of Buchanan County, Missouri, he instituted his action against the railway to enforce said attorney's lien; that thereafter the said railway instituted in the Circuit Court of Jackson County, Missouri, at Kansas City, against, among others, the defendant Gabbert, its action by which it sought to have adjudicated against said Interstate his claim for attorney's fees, and his lien against said railway, and that thereafter, in consideration of the dismissal by the railway of the said last named suit, the defendant Gabbert waived his said lien and dismissed his action theretofore instituted in the Buchanan County Circuit Court against the railway, which at all times herein mentioned was, and now is, a solvent corporation.

"Plaintiff further states that after the dismissal by the defendant Gabbert of his said action against the railway, he instituted in the Circuit Court of Jackson County, Missouri, his action aforesaid against the Interstate; that at the time of the waiver of such lien by defendant Gabbert, plaintiff states, upon information and belief, the Interstate was, and now is, without sufficient funds with which to pay the said claim of thirty-five thousand dollars, so asserted against it by said action, and that at the present time plaintiff states,

upon . information and belief, the said Interstate is engaged in the liquidation and distribution of its' capital assets to its stockholders; that the defendant Gabbert has failed to prosecute or bring to trial his said action against said Interstate, and that by reason of the delay in the prosecution of the same, and by reason of the liquidation and distribution of the assets of the Interstate, now in progress, as aforesaid, the collection of any judgment which the defendant Gabbert may recover in said action against said Interstate will be hindered and delayed, and is liable to be either partially or totally defeated, and plaintiff further states that by reason of the insufficient assets of said Interstate to pay said claim of thirty-five thousand dollars, the defendant Gabbert, in waiving said lien against said railway, parted with a right of great value, by which this plaintiff will suffer great and irreparable damage, in the event of recovery of a judgment by the said Gabbert in his Buchanan County action against the defendant Reed, which damage in such event would have to be ascertained and taken into consideration in adjusting all the rights and equities of the parties hereto.

"Plaintiff states that any judgment rendered against the defendant Reed in the Buchanan County action will be by reason of the individual liability by the defendant Reed for the partnership liabilities of the firm of Reed & Harvey, and that the partnership assets and earnings of Reed & Harvey will be subject to the satisfaction of any such judgment.

"Plaintiff states that in the event judgment be rendered in favor of the defendant Gabbert in said Buchanan County action the defendant Reed claims the right to assert and will assert against this plaintiff a demand for contribution to the payment of such judgment, and will in his partnership settlement with plaintiff demand that plaintiff's share of the earnings and assets of the firm of Reed & Harvey be charged with one-half of the amount of such judgment, and that thereby the rights

of this plaintiff are liable to become affected to plaintiff's loss and prejudice by any judgment which may be rendered in favor of the defendant Gabbert in said Buchanan County action.

"Plaintiff states that in the event judgment be rendered in favor of the defendant Gabbert in said Buchanan County action, the firm of Reed & Harvey will become the equitable owners of an interest in the claim of said Gabbert against said Interstate, and would be compelled to prosecute the same in order to protect their equitable interest therein.

"Plaintiff states that in the event the defendant Gabbert recovers judgment in his Jackson County action against the Interstate, and in the event of recovery against the defendant Reed in the Buchanan County action, then an accounting of all the matters and things aforesaid between the plaintiff and the defendants Reed and Gabbert will be necessary in order to determine the rights and equities of the parties to the fees so as aforesaid collected by Reed & Harvey, and to the judgment so recovered by the defendant Gabbert.

"Plaintiff states that in the event of recovery of judgment by the defendant Gabbert in his Buchanan County suit, and the payment thereof by the defendant Reed, a suit between plaintiff Harvey and the defendant Reed for an accounting of the partnership affairs of Reed & Harvey may result. And, in the event of a recovery of a judgment by the defendant Gabbert in his Buchanan County suit, and in his Jackson County suit against the Interstate, a suit between the plaintiff Harvey and the defendant Reed for an accounting of the partnership affairs of Reed & Harvey may result.

"Plaintiff states that all of the foregoing would result in a multiplicity of suits, and in circuity of action, whereas all of said disputes and controversies can and should be adjudicated in one action.

"Plaintiff states that he is without adequate remedy at law, by virtue of all of the foregoing, and, therefore, seeks the aid of this court of equity.

"Wherefore: Plaintiff prays that the court enter an interlocutory decree requiring the defendant Gabbert to set up herein for the purposes of adjudication:

"(1). Any claim which he may have against the Interstate.

"(2). His claim of the formation of a partnership between himself and the firm of Reed & Harvey, and his claim against the firm of Reed & Harvey, or this plaintiff, by virtue of the alleged partnership between himself and the firm of Reed & Harvey.

"(3). His claim that the firm of Reed & Harvey and himself were jointly employed by the Interstate, and any claim which he may have against said Reed & Harvey, or this plaintiff, by virtue of such alleged joint employment.

"(4). Any claim not herein referred to, which he may have against plaintiff or the firm of Reed & Harvey, growing out of any of the matters and things aforesaid.

"Plaintiff further prays that the court, by its interlocutory decree, require the defendants Reed and the Interstate to answer any pleas by the defendant Gabbert with respect to the matters aforesaid, for the purpose of adjudication.

"Plaintiff further prays that on final hearing the court determine and adjudge the liability, if any, of the Interstate to the defendant Gabbert; ascertain and determine whether there was formed a partnership between the defendant Gabbert and the firm of Reed & Harvey in respect to said Interstate action, or whether they were jointly employed therein by said Interstate; take an accounting between the parties of all the matters and things aforesaid, and render its final judgment and decree in favor of all the parties, in accordance with its findings, and their respective rights and interests.

"Plaintiff further prays that pending final hearing hereof the defendant Gabbert and his attorneys be enjoined and restrained from further prosecuting the

Buchanan County action, so as aforesaid filed by the defendant Gabbert; that all of the parties hereto be enjoined and restrained from instituting or prosecuting any actions relating to any of the matters aforesaid, and that on final hearing the defendant Gabbert be permanently enjoined and restrained from further prosecuting the Buchanan County action, so as aforesaid instituted by the defendant Gabbert against the defendant Reed and this plaintiff, and for such other, further and different relief as to the court may seem just and proper.''

The Interstate Company was duly served in Jackson County, and service was had upon Gabbert in Buchanan County. The court, on December 21, 1921, entered a restraining order restraining Gabbert from proceeding with the prosecution of the Buchanan County action, upon condition that Harvey give a bond for $5,000. This bond was given. Reed and the Interstate Company appeared and took leave to plead. On January 21, 1922, Gabbert applied for a change of venue, on the ground of prejudice of the Judge of Division 1, which was sustained, and the cause sent to Division 2 of the Jackson Circuit Court. Previously, on January 13, 1922, Gabbert had filed a motion to dissolve the temporary restraining order on the grounds that (1) the petition stated no cause of action or grounds entitling plaintiff to the restraining order, and (2) that the court was without jurisdiction in the case. On the same day he filed a demurrer, the grounds of which were that the petition (1) states no cause of action, and (2) ''shows on its face that the court is without jurisdiction to hear and try said cause.'' February 11, 1922, the motion to dissolve and the demurrer were overruled, and Gabbert given leave to plead within ten days. Thereafter the present application was filed, and in due time, thereafter, the preliminary rule was issued and made returnable in thirty days. The cause came on in due course and is for disposition.

I. Relator's first contention is that the primary purpose of Harvey's suit against him and Reed and Interstate Company is to obtain an injunction, and, therefore, the Jackson Circuit Court has no jurisdiction, but the proceeding should have been brought in Buchanan County, where the action by Gabbert was pending. If relator's premise is correct, his conclusion is sound. [Sec. 1951, R. S. 1919.] The language of this section is general, it is true, but this court, in harmony with decisions in other jurisdictions, has for twenty years interpreted it to apply to a case in which the primary purpose of the proceeding is to enjoin an action or suit and not to apply to any case in which "jurisdiction in equity exists upon other grounds than that of affording relief by injunction, and where that relief is merely ancillary to the main object of the suit." [Davison v. Hough, 165 Mo. l. c. 577, et seq.; Capitain v. Trust Co., 240 Mo. l. c. 495, 496.]

II. Are there in the case, the prosecution of which is sought to be prohibited, grounds of jurisdiction in equity other "than that of affording relief by injunction," and is that relief ancillary and not primary?

It seems to be conceded by relator in his brief that if it is true that there was such a partnership between Reed & Harvey and Gabbert as is alleged in the petition Gabbert filed in the action in Buchanan County, that this would give such equitable jurisdiction as to take Harvey's suit in Jackson County out of the statute to which reference has been made. Relator argues, however, that since Harvey, in his petition in the suit he instituted, denies the existence of such a partnership, he cannot rely upon the issue of such partnership to give the Jackson County Circuit Court jurisdiction of his suit. If this argument is sound, would it not be equally sound to say that because Gabbert alleges, in his action in Buchanan County, the existence of such partnership (as Harvey's petition sets out), he must be held to have admitted its existence in such way as now to preclude

his objecting to its being made the basis of equitable jurisdiction in Harvey's suit, the prosecution of which is sought to be prohibited? It is clear that Gabbert instituted the action in Buchanan County against Reed and Harvey as partners, and that he stated a cause of action against them as partners or stated no cause of action at all. Even though it is alleged that Reed made a stated agreement with Gabbert, and Harvey is not alleged to have participated personally therein, yet no relief is asked by Gabbert except judgment for $31,250, which it is alleged Reed & Harvey have received and now hold as the part of the fee actually received by them to which Gabbert is entitled. It is obvious that the Buchanan County action, according to the allegations of the petition in that case, and of Harvey's petition in his suit, is founded upon a claim of partnership. At least, the petition so alleges and the prayer so shows, and no other ground of recovery is pleaded. Harvey, by his Jackson County suit, attempts to bring this and Gabbert's claim against the Interstate Company and the matter of the release of Gabbert's lien against the Clay County Company into equity for adjudication of the whole business. Whether or not there was a partnership will be one of the issues in that proceeding. If there was none, that ends the case. If there was one, then the issues as to its terms and as to the effect of the release of the lien referred to will have to be determined. If there was a partnership and Reed & Harvey must account to Gabbert, according to its terms, for the $62,500 received by them, then they would be entitled to participate in the claim Gabbert sets up for an additional $35,000 from the Interstate Company, and entitled, in case that company is insolvent, as alleged, to try the question to what extent Gabbert's claims are affected by his release of the lien against the Clay County Company, if he did release it as alleged. Harvey, with notice of the Buchanan County action, is entitled to come into it and bound to come in or accept the judg-

ment, if any, secured over the defense Reed, his partner, may make. Harvey's petition is founded upon the matter of the partnership claimed by Gabbert and accounting among the partners and the doctrine of the avoidance of a multiplicity of suits. The petition states a cause of action as against an attack like the present one. The injunction prayed for is merely incidental and not primary, in the sense of our decisions.

The preliminary rule is discharged. All concur, except *Woodson, C. J.,* and *Higbee* and *David E. Blair, JJ.,* who dissent.