Oscar ROBERTSON et al., Plaintiffs,

v.

NATIONAL BASKETBALL ASSOCIA-
TION, a Joint Venture, et
al., Defendants.

No. 70 Civ. 1526.

United States District Court,
S. D. New York.

March 31, 1976.

Weil, Gotshal & Manges, New York City,
by Peter Gruenberger, New York City, for
plaintiffs.

Proskauer, Rose, Goetz & Mendelsohn,
New York City, by Michael A. Cardozo,
Richard L. Wasserman, M. William Scherer,
New York City, for the NBA Defendants
other than Madison Square Garden Corp.
and Madison Square Garden Center, Inc.

Paul, Weiss, Rifkind, Wharton & Garri-
son, New York City, by Sidney Stein, New
York City, for defendants Madison Square
Garden Corp. and Madison Square Garden
Center, Inc.

Spengler, Carlson, Gubar & Churchill,
New York City, by Robert S. Carlson, New
York City, for Long Island Sports Enter-
prises, Inc. and Denver Nuggets.

Michael H. Goldberg, New York City, for
the American Basketball Association and its
member teams other than Long Island
Sports Enterprises, Inc. and Denver Nug-
gets.

John H. Boone, San Francisco, Cal., for
Wilton N. Chamberlain.

## OPINION

ROBERT L. CARTER, District Judge.

Defendants have moved, pursuant to
Rules 23(d) and 65, F.R.Civ.P., for a prelimi-
nary injunction to prevent Wilton N. Cham-
berlain from prosecuting an action in the
United States District Court for the Central
District of California entitled *Wilton N.
Chamberlain v. National Basketball Associa-
tion, et al.* (75 Civ. 4258) (the *Chamberlain*
action) commenced December 22, 1975.

On January 9, 1976, this court granted
defendants, the National Basketball Associ-
ation ("NBA"), a temporary restraining or-
der after being informed that counsel for

Chamberlain was not opposed to a stay pending a hearing on the preliminary injunction. A hearing was held on January 23, 1976, at which time the parties agreed to continue the temporary stay pending the ruling of this court.

Defendants contend that the claims asserted and the relief sought as well as the parties defendant in the *Chamberlain* action are substantially identical to those in this (*Robertson*) action in which Chamberlain is a member of the plaintiff class. They urge, therefore, that they be spared the burden of defending a duplicative action and that a preliminary injunction should issue. I agree.

## FINDINGS OF FACT

This lawsuit (*Robertson*) was commenced by fourteen named plaintiffs, all of them players in the National Basketball Association, on behalf of themselves and all others similarly situated, on April 15, 1970, against the NBA, its member teams, and the American Basketball Association. Prior thereto, on March 15, 1970, Chamberlain authorized the National Basketball Association Players Association to commence one or more lawsuits, including claims for damages, on his behalf that would "bring about an end to any agreement among the clubs or other entities to eliminate competition among them in the acquisition of talent." Plaintiffs challenge a variety of practices that are asserted to be violations of the antitrust laws. 15 U.S.C. §§ 1 and 2. The challenged practices include the player draft, the reserve clause, and the reserve compensation plan.[1]

On February 14, 1975, the court certified *Robertson* to proceed as a class action under Rule 23(b)(1), F.R.Civ.P., the class to include "the approximately 365 players who are or were active players for member clubs of the NBA from the date of the commencement of this suit to the present and those who become active players prior to the date of final judgment." *Robertson v. National Basketball Association,* 389 F.Supp. 867, 903 (S.D.N.Y.1975). A notice of the pendency of the action was sent to all class members, pursuant to an order of September 15, 1975. The notice warned each member that he "will be bound by an adjudication, whether favorable or unfavorable, on the merits of the issues to be litigated in this action." The notice also informed each member that he could apply to the court for leave to intervene and be represented in this case by an attorney of his choosing. Chamberlain has not denied that he was served with that notice.

On December 22, 1975, Chamberlain commenced his action. Besides the NBA, the complaint names as defendants the member clubs of the NBA, all of which are defendants in the *Robertson* case. The complaint in *Chamberlain* prays for injunctive and declaratory relief to end alleged violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and for treble damages stemming from such violations—the same relief being sought in *Robertson.*

In *Chamberlain,* as in this case, the relevant market is defined as professional basketball. Both complaints allege that the defendants' practices deprive players of earnings they would otherwise receive. The actions of defendants that are complained of are nearly identical.

In sum, the *Chamberlain* action is duplicative of this lawsuit. *Chamberlain* catalogues what are basically the same practices as those challenged in this case. Any injury from those practices can and should be asserted here. Minor variations in the restraints at issue do not constitute new antitrust claims that are outside of these proceedings. Recent violations of the antitrust laws, also, are part of this case and are to be tried, or settled, along with the older injuries.

Central to Chamberlain's California complaint is his assertion that after he had

---

1. This case is scheduled to go to trial June 1, 1976, but the parties have informed the court that a settlement has been reached between the plaintiffs and the NBA defendants. If that set-tlement is approved by the court, pursuant to Rule 23(e), F.R.Civ.P., the remaining issues to be tried will not involve claims by the NBA players against the NBA.

failed to play basketball for the Los Angeles Lakers during the 1973–74 season, he was informed that he could not contract with any other NBA team unless that team compensated Los Angeles. This procedure, involving the option clause and a practice known in this lawsuit as the reserve compensation plan, is also central to *Robertson*. The only difference asserted by Chamberlain is that since he sat out his option year, rather than play for Los Angeles under an extension of the terms of his previous contract, he was informed that he owed a year to Los Angeles, for which that team would have to be compensated by any club that wanted to purchase his future services. It is possible that NBA officials regarded this situation as unique and felt that their response constituted a new rule. I do not share their opinion, however, and I find that what happened to Chamberlain is merely another variation on the allegedly anti-competitive practices challenged in this lawsuit.

## CONCLUSIONS OF LAW

█ I reject Chamberlain's argument that this court lacks jurisdiction to enjoin him from prosecuting his action. Chamberlain is unquestionably a member of the plaintiff class and will reap whatever benefits accrue to the class from the settlement or judgment after trial in this case. Where there is notice and adequate class representation, absent class members are bound by the court's judgment. *Hansberry v. Lee,* 311 U.S. 32, 42, 61 S.Ct. 115, 118, 85 L.Ed. 22, 27 (1940). Even in defendant class actions, there is never a question that a court entertaining a proper class action has power to adjudicate the rights of class members even if they are outside the territorial jurisdiction of the court when served with notice of the pendency of the action. *See, e. g., Dale Electronics, Inc. v. R. C. L. Electronics, Inc.,* 53 F.R.D. 531, 535–36 (D.N.H.1971); *Tunstall v. Brotherhood of Locomotive Firemen and· Enginemen,* 148 F.2d 403, 406 (4th Cir. 1945).

Chamberlain, however, asserts that he is not a party to this action in the sense that discovery, except for the taking of his deposition, could not be required from him. To the extent that the power of the court to mandate discovery from a class member and to grant or deny injunctive relief involving such a class member are similar in their requirement that a court have power over the person to do so, that issue has already been litigated between the parties in this lawsuit. *Robertson v. National Basketball Association,* 67 F.R.D. 691, 698–701 (S.D.N.Y.1975). To the extent that a different quantum of power over the individual may be needed to guarantee potency to the injunction granted herein, this court has that power. *See Kronenberg v. Hotel Governor Clinton, Inc.,* 281 F.Supp. 622 (S.D.N.Y.1967); *Fields v. Wolfson,* 41 F.R.D. 329 (S.D.N.Y.1967); *see generally,* 3B Moore, *Federal Practice* § 23.92 (2d ed. 1975), *Weeks v. Bareco Oil Co.,* 125 F.2d 84 (7th Cir. 1941).

If the *Chamberlain* case includes claims that are outside the scope of this suit, they will survive the decision or settlement of this case. After the termination of this action Chamberlain will be free to pursue any claim of right not finally determined in this class suit.

█ If the jurisdiction of this court to determine this action, either by trial or by court-approved settlement, is to be protected, an injunction must issue. To allow two actions so similar in nature to proceed would place an unfair burden on defendants. Were this court to countenance Chamberlain's prosecution of his California action at the same time that his authorized agents proceed before me, it is likely that other class plaintiffs will commence similar suits.[2] Besides the onus of defending multiple suits in widely scattered courthouses, defendants, without the protection of this injunction, would face the possibility of inconsistent declaratory or injunctive man-

---

2. Another lawsuit was commenced after the Chamberlain action by named plaintiff Chester Walker. This court has already enjoined that action. See opinion and order of March 3, 1976.

dates prescribing their future compliance with the antitrust laws. Indeed, it was the potential for such inconsistent relief that led me to certify this class action under Rule 23(b)(1), F.R.Civ.P., which does not permit class members to opt-out. *Robertson v. National Basketball Association, supra,* 389 F.Supp. at 901.

Defendants' motion is granted. Chamberlain is hereby enjoined and stayed from prosecuting his action in California, *Wilton N. Chamberlain v. National Basketball Association,* 75 Civ. 4258, pending the disposition of the *Robertson* case.

SO ORDERED.