ESTATE of Raphael W. CLARK,
Respondent,

v.

Alla Belle FINNEY, Arnetta Richardson, James Clark and Hubert Clark, Anna Lee Snyder, Paul Clark, Doyle Clark, Appellants.

No. WD 31422.

Missouri Court of Appeals,
Western District.

Dec. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 30, 1980.

Wilbur L. Pollard, Kansas City, for appellants.

Tweedie Fisher, Jefferson City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

This is a proceeding for adjudication of incompetency commenced on petition to declare Raphael Clark a person of unsound mind. Judgment was entered sustaining the petition and letters of guardianship issued, but the trial court subsequently set aside its judgment and directed that the estate be closed. The petitioning family members appeal.

The record in this cause to date is, to say the least, unusual and must be reviewed in some detail. The petition for appointment of guardian was filed March 29, 1979 by Paul D. Clark, a brother of the alleged incompetent. Counsel for Raphael was appointed and a hearing on the petition was conducted in the probate division on April 17, 1979. Testimony was received concerning Raphael's condition, evidence being presented by a medical witness and by Paul and another brother, Hubert. At the conclusion of the hearing, the court announced that the case would be taken under advisement.

On the same date, April 17, 1979, presumably after the hearing was concluded, the court entered its order on a printed form headed "Trial, Findings, Guardian of Person and Estate Appointed," with blank spaces filled in by typewriter. The order declared Raphael W. Clark to be a person of unsound mind, appointed Paul D. Clark guardian and issued directions as to the amount of bond and the fee allowance for appointed counsel.

Inexplicably, the record next contains a second order bearing a lengthy title describing various findings and directives, some of which appear only in the title. This second order is entirely typewritten and purports to be the record of an order made April 17, 1979. The file stamp inscription by the clerk, however, is dated April 19, 1979, and the order also includes the following recitation: "The matter is again taken up on the 19th day of April, 1979." There is otherwise no record of any proceedings in this case on April 19.

This second order differs from the first in several respects, but does conform in that both contain the finding that Raphael Clark is a person of unsound mind and both order the appointment of Paul D. Clark as guardian. In the first order, Paul was appointed guardian of Raphael's person and estate while in the second, the appointment is only as to the estate. In the first order, appointed counsel was allowed a fee of $100.00; in the second, $250.00. The first order made no provision for payment to the medical witness, but the second allows a charge of $100.00. From the content of the second order, it cannot be concluded that it was made with any intent to change or enlarge upon earlier findings nor does it appear that the second order was made with any recognition that the first order had been entered.

The record does not disclose if guardianship letters ever issued to Paul D. Clark in either the form directed in the April 17 order or the order of April 19 or if Paul took charge of any assets or rendered any accounting. On June 6, 1979, however, the court ordered Paul's removal and appointed one Phyllis Miller "as Guardian of Raphael W. Clark." The removal order was apparently in response to an informal conference and was not made on any application or motion of record. Letters of guardianship were issued June 13, 1979 to Phyllis Miller "to have the custody of the person and charge of the estate" of the incompetent. An inventory filed July 24, 1979 showed assets of the estate to be $65,000.00 in real property and $96,000.00 in personalty.

The next recorded event was on August 16, 1979, when a motion to set aside the judgment of adjudication was filed on behalf of the incompetent by an attorney newly entering the case. In general, the motion contended that relief should be given because Raphael had not in fact been a person of unsound mind on the date of adjudication and because of procedural errors, some of which have been noted previously in this opinion. The motion was taken up by the trial court on November 5, 1979. The record of that hearing consists primarily of argument by counsel and, with the exception of the motion disposition, is of no significance as to issues on this appeal.

Although the court informed the parties at the conclusion of the motion hearing that the matter would be taken under advisement for forty-eight hours, an order was made and entered sustaining the motion on November 5, 1979, the same date as the hearing. That order set aside the judgment[1] and directed Phyllis Miller to "close out the Guardianship as quickly as possible." On this appeal neither party complains of prejudice because the decision was not deferred for two days as counsel were entitled to expect.

In replication of the previous duplication of orders adjudicating Raphael incompetent, the November 5, 1979 order was followed by a second order dated and filed November 16, 1979 ruling the motion to set aside the judgment. This second order in more explicit terms vacated the order declaring Raphael incompetent although without specification as to which of the adjudicatory orders was considered to have been in effect. The retrospective annulment of Raphael's adjudication also failed to provide for liabilities of the guardian incurred during the previous months when she was accountable for administration of the estate. The purpose or significance of the repetitive orders voiding the previous declarations of incompetency is not disclosed nor, from this record, discernible.

Respondent has moved to dismiss the appeal on the ground that the notice of appeal was filed out of time. For purposes of the motion, respondent appears to assume that the dispositive order was that entered November 16, 1979, while appellants in their brief assume the November 5, 1979 order to have been the judgment from which this appeal is prosecuted. The confusion is further compounded by respondent's contention that the November 16 order was a ruling on appellants' "Motion for New Trial."

Appellants did file a motion on December 4, 1979, seeking reconsideration of the court's action in declaring Raphael released from the constraints of prior adjudication. As to the November 5, 1979 order, the court still retained on December 5, 1979 the control over that judgment by virtue of Rule 75.01, but the motion had no procedural standing because more than fifteen days had elapsed since either the November 5 or November 16 entries. Rule 73.01(1)(c). Quite obviously, however, the November 16 entry could not be a ruling on appellants' "Motion for New Trial" which had not then been filed.

1. Uncertainties are generated throughout this record by lack of precise language use, particularly in documents reflecting action taken by the court. The November 5 order states, "Judgment is set aside this 5th day of Novem-ber, 1979." The parties assume, as do we, that the judgment set aside was the adjudication of incompetency, whether by the order of April 17 or the order of April 19.

■ Fortunately, the repetition of orders in November 1979 presents no jurisdictional problem and respondent's motion to dismiss the appeal is without merit. The judgment of which appellants complain was entered November 5 and became final thirty days thereafter. Appellants had ten days from the date of finality to prosecute their appeal and the notice of appeal filed December 10, 1979 was timely. Respondent's motion to dismiss the appeal is overruled.

On this appeal, the Clark family members treat the November 5, 1979 order as one restoring Raphael and discharging him from the restraint of the guardianship. They argue that the order is deficient because no evidence was presented at the November 5 hearing showing that Raphael had recovered from the mental disability which had prompted his adjudication on April 17, 1979. Although this argument is valid, it misconceives the issue presented to the court by the August 16, 1979 motion and the content of the orders which followed.

Restoration of rights to one previously judged incompetent is governed by § 475.360, RSMo 1978, and requires, in part, the filing of a verified petition alleging that the petitioner has fully recovered his mental health. The court is thereupon obligated to hold an inquiry as to the mental condition of the petitioner and, if it be determined that he has recovered, to enter judgment accordingly. Of course, such procedure assumes a prior valid judgment of incompetency. In this case, no verified application was filed and no inquiry as to mental condition was conducted because the August 16, 1979 motion challenged the original adjudication as flawed. In sum, Raphael claimed that he had never suffered from mental infirmity and that the court had erred when it had adjudicated him as such April 17, 1979.

By the order of November 5, as well as the order of November 16, the court made no findings applicable to a claim of restored capacity, but rather set aside, expressly, the previous adjudication. This result was grounded on the court's reconsideration of the evidence originally presented in support of the petition and a conclusion that the judgment declaring Raphael of unsound mind had been erroneous. The dispositive question on this appeal is, therefore, whether the trial court had jurisdiction on November 5, 1979 to set aside the judgment of April 17, 1979.

■ The jurisdiction of the probate division to vacate, correct or modify its own judgments depends, as does the jurisdiction of any trial court, on when the judgment becomes final and, hence, immune from revision except on appeal. Since appeal can only be from a final judgment, at which point the jurisdiction of the trial court has been exhausted, the point at which finality occurs coincides with availability of the remedy of appeal.

■ On the record in the subject case, no appeal was ever prosecuted from the April 17, 1979 judgment and if that judgment became final prior to November 5, 1979, the order of that date was a nullity because the court was without jurisdiction. Section 472.170, RSMo 1978 treats of appeals from orders adjudicating persons to be incompetent or mentally ill and authorizes appeals of final adjudication orders to the appropriate appellate court. Section 472.180, RSMo 1978 directs that appeals from orders of adjudication be taken within the time for appeals as prescribed by the rules of civil procedure. Because finality of judgment and entitlement to appeal are interrelated, the rules of civil procedure, of necessity, determine when the judgment adjudicating a person incompetent or mentally ill becomes final and subject to appeal under § 472.170, RSMo 1978.

Rule 75.01 provides that the trial court retains control over its judgments for thirty days after entry. Under Rule 81.05 and in conformity with Rule 75.01, a judgment becomes final thirty days after entry unless a timely motion for new trial is filed. In a court-tried case, if a motion for a new trial is filed, it must be filed, as in a jury-tried case, within fifteen days after entry of judgment. Rule 73.01(1)(c).

In the subject case, the motion of August 16, 1979, if regarded as a motion for new trial which stayed the finality of the judgment adjudicating Raphael incompetent, was long out of time and had no such effect. The April 17, 1979 judgment, or the April 19, 1979 judgment, if regarded as a modification within the term of Rule 75.01, therefore became final thirty days thereafter and no appeal having been taken within ten days, matured beyond the control of any court to rescind, modify or vacate except upon circumstances neither relevant nor present here.

Additional mention need be made of a particular circumstance peculiar to cases of incompetency adjudication. While the rule of judgment finality discussed above prevails in cases of incompetency as a general matter, § 475.080, RSMo 1978 does offer a discretionary option to the trial court for review of adjudication on application within sixty days after the original inquisition. No absolute right to rehearing is conferred, but if granted, the jurisdiction of the trial court is thereby enlarged to set aside the original judgment. No request for a new inquisition was timely filed in this case and the application of § 475.080, RSMo 1978 is not before us. Issues as to finality of judgment and the times for filing post-judgment motions and notice of appeal in cases where a new inquisition is held are expressly reserved for consideration in an appropriate case when presented.

The trial court in the subject case was without jurisdiction to enter the orders of November 5, 1979 and November 16, 1979 and such orders are absolutely void. The judgment of April 17, 1979 is reinstated and the cause is remanded for further proceedings consistent with this opinion.

All concur.

## OPINION ON RESPONDENT'S MOTION FOR REHEARING OR FOR TRANSFER TO THE SUPREME COURT

### PER CURIAM.

Respondent's motion for rehearing contends that § 472.150, RSMo 1978[1] invests

[1]. Statutory references are to RSMo 1978.

the probate division with jurisdiction, at any time during administration on the estate of an incompetent, to vacate the order of adjudication, the provisions of Rule 75.01 to the contrary notwithstanding. Thus, the respondent argues, there was no error when the trial court reconsidered in November 1979 its decision reflected in its judgment of April 1979 and rescinded the earlier order declaring Clark to be a person of unsound mind.

As respondent has pointed out, the action of the trial court here and the motion which precipitated the orders considered on this appeal do not assert restoration of Clark's mental health by events post-April 1979 and, hence, § 475.360 and procedures thereunder are not at issue. The infirmity in the court's later orders which respondent now asserts is relieved by § 472.150 lies in reconsideration by the trial court of the same evidence which prompted adjudication of incompetency in April but in November persuades the court to a contrary result.

The difficulty with respondent's argument, although facially supported by the general language of § 472.150, is that it overlooks the more limited provisions of the statutes which apply to adjudication of persons alleged to be incompetent.

In general, two statutory methods are available to challenge orders, decrees and judgments of the probate division—by motion to set aside and vacate and by appeal. *State ex rel. Estate of Seiser v. Lasky*, 565 S.W.2d 792, 794–795 (Mo.App.1978). The aggrieved party may choose either alternative, but he cannot pursue both avenues. *State ex rel. Bostian v. Ridge*, 354 Mo. 145, 188 S.W.2d 941 (Mo.1945). In matters of general estate administration (allowance of claims, approval of settlements, etc.), the remedy of the motion to vacate is provided in § 472.150 and that of appeal in §§ 472.160 and 472.180. As to proceedings for adjudication of incompetency, although the same review alternatives are available, they appear in statutes limited to that subject.

Proceedings to vacate a judgment rendered on inquisition into incompetency are controlled by § 475.080 and appeal from such order is under § 472.170, both sections being confined to the subject of mental health. Notably distinguishing § 475.080 from § 472.150 on which respondent here relies is the limitation of the court's jurisdiction to set aside an order adjudicating incompetency to a period of sixty days. Thus, on the subject with which the present case is concerned, the legislature has circumscribed the authority of the probate division to review and set aside its own orders to the more limited period, a constraint not present in the general areas of probate adjudication to which § 472.150 applies.

Statutes are to be read together giving effect to their reasonable intendment and where one statute deals with a subject in general terms and another in a more minute way, the two will be harmonized, but to the extent of any repugnancy, the definite prevails over the general. *State ex rel. Fort Zumwalt School District v. Dickherber*, 576 S.W.2d 532, 536–537 (Mo. banc 1979). The provisions of one statute having special application to a particular subject will be deemed a qualification to another statute general in its terms. *City of Raytown v. Danforth*, 560 S.W.2d 846, 848 (Mo. banc 1978); *Southwest Forest Industries, Inc. v. Loehr Employment Service of Kansas City, Inc.*, 543 S.W.2d 322 (Mo.App.1976).

The consequence of the foregoing is that § 472.150, which respondent contends was overlooked in the opinion as delivered and which is asserted to justify and require a different result, does not apply to a judgment rendered after inquisition into the competency of a person. The orders of the trial court here entered more than sixty days following the adjudication of Clark as incompetent were beyond the proscriptive limitation of the applicable statute, § 475.-080, and were void for want of jurisdiction.

The motion for rehearing is overruled.

The motion to transfer to the Supreme Court is denied.