Carl G. LOVE and Connie J. Love,
Plaintiffs/Respondents,

v.

FIRST CROWN FINANCIAL CORPORATION and Crown Lending Corporation,
Defendants/Respondents,

v.

Stuart J. RADLOFF, Trustee in Bankruptcy for Paul Bradley Hight and Barbara Ann Hight, Intervenor-Appellant.

No. WD 34410.

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Out of Time Denied Dec. 16, 1983.

Application to Transfer Denied Jan. 17, 1984.

Jim Tom Reid, Kansas City, for plaintiffs/respondents.

Morris J. Nunn, Marc E. Elkins, Kansas City, for respondents First Crown Financial Corp. and Crown Lending Corp.

David L. Campbell, St. Louis, Alan E. South, Kansas City, for intervenor-appellant.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal is brought by Intervenor Stuart Radloff, trustee in bankruptcy for Paul and Barbara Hight. He sought to bring a class action in St. Louis County after a class had been certified in Clay County as against defendants First Crown Financial Corporation (First Crown) and Crown Lending Corporation (Crown Lending). The Clay County court enjoined all members of the certified class from pursuing a duplicate class action. After intervening in the Clay County action he sought to 1) attack its injunction, 2) stay that class action, and 3) decertify the Clay County class action. Being thwarted in these remedies by the Clay County Circuit Court he sought appellate review.

On October 31, 1980 the plaintiffs Mr. and Mrs. Love filed a petition in Circuit Court, Clay County, Missouri for themselves and as a class action against First Crown and Crown Lending for usury violations under Section 408.030 RSMo. 1978.[1] Their cause of action was based on an $8500 loan from the defendants to the Loves dated October 13, 1975, secured by a lien on their home. The loan was alleged to be at the rate of 18% and they demanded applicable damages under the usury statutes which they claimed were at a maximum of 10% to these loans for themselves and for all similar borrowers, as a class, since January 9, 1975. The petition also disclosed that the note made by the Loves was to First Crown, but was assigned to Crown Lending.

On February 12, 1981 the Hights filed in Bankruptcy in St. Louis. Radloff was appointed trustee.

On March 12, 1981 Radloff's law firm filed a petition in St. Louis County circuit court with Radloff, Trustee for the Hights, as plaintiff, against First Crown. (Amendment was allowed on July 21, 1981 to add Crown Lending as a defendant.) The legal file does not contain the petition of Radloff, but the order of Eastern District of the Eastern Division of the Bankruptcy Court allows Radloff to employ David Campbell, his law partner as counsel. The allegations of usury violations were similar to the suit filed by the Loves in Clay County. This suit sought to make a class action on behalf of individuals who paid excessive interest to the defendant between January 9, 1975 and January 3, 1979.

On October 12, 1981 in the Clay County action the court pursuant to Rule 52.08(b)(3) certified the class in the Love's suit as to persons who borrowed from First Crown or Crown Lending between January 9, 1975 and prior to September 28, 1979, at a rate over 10% and who had the loans secured by residential or agricultural real estate. Subsequent discovery indicated over 1300 loans involving similar facts may have been made.

On October 23, 1981 defendants First Crown and Crown Lending filed in Clay County a motion to enjoin all members of the class just certified from maintaining a class action in any other court against them. The St. Louis County action was noted in the motion.

On November 12, 1981 Radloff filed a motion to intervene in Clay County. Radloff simultaneously filed 1) a motion to dismiss Crown's motion to enjoin, alleging among other things lack of jurisdiction and venue, 2) a motion to stay the Clay County action because of the bankruptcy proceedings and, 3) a motion to set aside the Clay County class certification order.[2]

On December 13, 1981 Radloff filed an amended motion to set aside the class certification. The first had alleged the Bankruptcy proceedings as a basis for change from the Loves to the Hights. .

---

1. All sectional references are to Revised Statutes of Missouri, 1978 unless otherwise indicated.

2. This motion was later amended to contain the grounds that the Love's claims were not typical of the class, they were not members of a class with claims against Crown Lending, and they did not represent adequately and fairly the interests of the class.

On June 13, 1982 the Circuit Court in St. Louis County denied, without prejudice, Radloff's motion to confirm a class and as to class representation. The order noted a prior case in Clay County and the certification there.

On June 28, 1982 Clay County sustained Radloff's motion to intervene but denied the motion of Radloff to dismiss Crown's motion to enjoin other actions, and denied Radloff's motion to stay. The injunction issued. This order was denominated a final judgment for purposes of appeal under Rule 81.06. It was silent as to the certification issue.

On August 5, 1982 Radloff filed with the Clay County circuit clerk a notice of appeal to the supreme court for the order made on June 28, i.e., 1) the issuance of the injunction over his motion, and 2) the denial of his motion to stay proceedings. In his jurisdictional statement which attacked the validity of statutes and constitutional provisions, he stated the trial court's refusal to entertain his motion to set aside the class certification deprived him of due process.

On September 28, 1982, the Clay County court denied Radloff's motion to set aside the certification order. This order contained no provision as to its finality as relating to appeal.

On October 8, 1982 Radloff filed an "Amended (Supplemental)" notice of appeal in the supreme court which added the September 28th ruling to his appeal. No change was made from his original jurisdictional statement, but his cover letter said the trial court had neglected to rule on the certification issue.

On December 21, 1982 the supreme court ruled the jurisdiction of the appeal to be in this court.

Radloff raises only two points on appeal. He does not take issue with the denial of his motion to stay, so it will be treated as abandoned. He claims error in the trial court's issuance of the injunction on June 28th and its denial of his motion to set aside the class certification of September 28th.

The certification issue will be first addressed.

■ Although not presented by the parties in the briefs or in argument, the order of September 28th denying Radloff's motion to decertify the class was void, necessitating the dismissal of the appeal on that point. Under Rule 75.01 a trial judge has control of judgments for 30 days after entry. After a notice of appeal has been filed and before filing the record on appeal, after the 30 day period the trial court, "may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal". Rule 75.01. *Cf. Rozell v. Rozell*, 229 S.W.2d 700, 702 (Mo. App.1950). There is nothing to indicate that after the June 28th order dealing with the injunction, and denominated as final for appeal, that the parties stipulated the September 28th motion on the certification issue could then be considered. The appeal to the supreme court was not withdrawn, but was attempted to be supplemented and amended to add the certification issue.

Very simply the trial court lost jurisdiction to take any judicial action after 30 days following the final judgment of June 28th and because of the notice of appeal filed on August 5th. If the certification motion was merely forgotten, despite the jurisdictional statement of Intervenor-Radloff that the judge had refused to rule, there is nothing here to allow the trial court to disturb its judgment. *Kranz v. Centropolis Crusher, Inc.*, 630 S.W.2d 136, 138–39 (Mo.App.1982). The entry of September 28th was unauthorized. *Berry v. Chitwood*, 362 S.W.2d 515, 517 (Mo.1962); *Alchian v. Fadler*, 240 Mo.App. 610, 212 S.W.2d 78, 81 (1948). Once the notice of appeal was filed the trial court lost jurisdiction to exercise any judicial functions. *Brock v. Steward*, 519 S.W.2d 365, 367 (Mo.App.1975); *State v. Armstrong*, 605 S.W.2d 526, 529 (Mo.App. 1980); *Herrick Motor Co. v. Fischer Oldsmobile Co.*, 421 S.W.2d 58, 62 (Mo.App. 1967). As mentioned earlier, there is nothing in the way of an entry or notation to find an exception such as a nunc pro tunc or motion in the nature of coram nobis to

justify the September 28th order. *Brock, supra* at 367. *State ex rel. Div. of Family Serv. v. Oatsvall,* 612 S.W.2d 447, 451 (Mo. App.1981). "Where a court has wholly omitted to make an order which it might or ought to have made, distinguishable from what it actually did, the order cannot afterwards be entered nunc pro tunc." *Schenberg v. Schenberg,* 307 S.W.2d 697, 703 (Mo. App.1957).

The order of September 28th on certification was made without jurisdiction and was void. It presents nothing for appeal and is dismissed; the result being that Radloff's motion still pends in the circuit court following the appeal. *Estate of Clark v. Finney,* 610 S.W.2d 367, 371 (Mo.App.1980); *State ex rel. Chemical Dynamics, Inc. v. Luten,* 581 S.W.2d 921, 923 (Mo.App.1979).

As his second point, Radloff claims lack of jurisdiction and venue in the issuance of an injunction order by the Clay County circuit court on June 28, 1982 which directed that:

" . . . . all members of the class as defined in this Court's Order Certifying Class dated October 12, 1981 are hereby enjoined from prosecuting, instituting, or maintaining any action before any court against defendants, or either of them, either individually or as joint defendants with any other party, as a class action based either directly or indirectly upon allegations identical or substantially similar to those of plaintiffs' Petition herein . . . ."

In effect the order enjoins the pursuit of any other class action by any members of the Clay County certified class against either of the two defendants as individuals or as joint defendants. The order does not, contrary to Radloff's interpretation, enjoin individual class members from pursuing their individual actions against either of the two defendants, as this would be inconsistent with the right of individual class members to opt out of the class under the provisions of Rule 52.08(c)(2). Nor is the order specifically directed against the trustee's

litigation in St. Louis County.[3] When the injunctive order issued, notice of the pendency of the Clay County class action had not yet been sent to those defined by the certification order. The St. Louis County circuit court where Radloff's suit lay pending, taking note of the Clay County certification of the class "among other things," dismissed without prejudice Radloff's suit without ever certifying it as a class action.

■ Radloff places himself in the position of arguing lack of jurisdiction and improper venue under Section 526.090, through two avenues. First, he ignores the posture of the Clay County case as a certified class action and characterizes the order of June 28, 1982 as a separate action for an injunction under Section 526.040. Clearly the injunctive relief sought in the order was merely ancillary to the main object of the class action and not a "separate proceeding," to which new service of process would be required. As an ancillary order of injunction, the venue provisions of Section 526.090 do not apply. *State ex rel. Gabbert v. Lucas,* 295 Mo. 538, 246 S.W. 208 (Mo. banc 1922). *See also* 42 Am.Jur.2d Injunctions, Section 11 (1969).

The second avenue used by Radloff places him in the position of arguing lack of notice and due process violations. He argues that the absence of class notice deprived the Clay County court of the necessary jurisdiction in which to issue the injunctive order against class members. In essence he argues the class members are not before the court in the person of their representatives after certification until the actual receipt of class notice, and therefore the court lacked jurisdiction to enter an order against them.

In *Robertson v. National Basketball Association,* 413 F.Supp. 88 (S.D.N.Y.1976) the New York federal district court entered a preliminary injunction preventing Wilt Chamberlain from *individually* pursuing a claim in California which duplicated a class action suit to which Chamberlain was a member. Radloff distinguishes *Robertson* from the case at bar pointing out that,

3. The defendant's motion to enjoin mentions the St. Louis County litigation in a footnote but

by its terms the court's order is directly generally to all class members.

unlike *Robertson,* class members here had not yet received class notice when the injunctive order issued. Two critical distinctions to *Robertson* exist. First, the New York district court certified the class under F.R.Civ.P. 23(b)(1) which does not contain an opt-out provision whereas here the Clay County court certified the class under Rule 52.08(b)(3) which allows members to opt out.[4] Secondly, the injunctive relief in *Robertson* was directed against the pursuit of an individual claim and not as here, against the pursuit of duplicative class actions. In *Robertson* the receipt of class notice in a F.R.Civ.P. 23(b)(1) class halts any individual claims by class members. Here the receipt of class notice under 52.08(b)(3) has no such consequences. Recognizing these two distinctions diminish Radloff's argument that the receipt of class notice is the polestar to the Clay County court's jurisdiction to enter the ancillary injunctive relief against the pursuit of duplicative class actions. Radloff also relies upon *In Re Federal Skywalk cases,* 680 F.2d 1175 at 1180 (8th Cir.) *cert. denied,* —— U.S. ——, 103 S.Ct. 342, 74 L.Ed.2d 383 (1982), where the court states "parties to a mandatory class are not free to *initiate* actions in other courts to litigate class certified issues. [citations omitted]. However, in the present case the objectors had commenced their state court actions before the motion for class certification had been filed in district court." (Emphasis the court's). The *Skywalk* case provides no support for the proposition Radloff claims the case stands for. The point the 8th Circuit was making when noting the timing of the state and federal court actions related to whether the state action was a pending claim which would give rise to the appellate court's jurisdiction under 28 U.S.C. Section 1292(a), considering the injunctive characteristics of the federal court order against the state claims. From there the 8th Circuit held the order violated the Anti-Injunction Act, 28 U.S.C. Section 2283. The concerns arising out of injunctions between federal and state courts have no significance to the present case.

■ Nonetheless, whether or not the issuance of the ancillary injunctive relief against the class members before the receipt of class notice was proper need not be reached. As against Radloff, who intervened in Clay County only as an individual acting on behalf of the Hights and not as a class representative, the injunctive relief was valid because Radloff received actual notice of this order, however fortuitous or inadvertent. Even as against *nonparties* to a lawsuit, the receipt of actual notice by persons subject to an injunctive order may render them subject to the contempt powers of the issuing court. *See Ex Parte Dillon,* 96 S.W.2d 1095, 1097 (Mo.App.1936); *Kelly v. City of Cape Girardeau,* 230 Mo. App. 137, 89 S.W.2d 693, 695 (1936).

Here it is also unclear whether Radloff suffers any harm by the order. The order does not prevent Radloff from pursuing an individual claim. The St. Louis County circuit court denied Radloff's class certification, taking note of the Clay County action "among other things." The denial, therefore, was not based solely upon the Clay County injunctive order but inferably upon other unarticulated considerations related to the merits of Radloff's class action. Apparently Radloff has abandoned any claim of error on the merits of the St. Louis County action by not seeking appellate review but instead attempts to prematurely bootstrap and present those objections in this appeal. Radloff will have every opportunity as a class member to raise any such objections since the Clay County certification order remains subject to continuing modification under Rule 52.08(c)(1) and (d). Furthermore, it cannot be overlooked that Radloff's intervention in the Clay County suit, unsuccessful appeal to the supreme court, and then to this court, has prevented and delayed the process of sending notice to the class members of the pendency of the Clay County suit.

The appeal of the September 28th order is dismissed. In all respects the trial court is affirmed.

4. Missouri Rule 52.08 is identical to Federal Rule 23.