Lewis H. BIBEN, et al., Plaintiffs,

v.

Harold E. CARD, et al., Defendants.

Nos. 84–0844–CV–W–6, 84–0846–CV–W–6 and 84–0978–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Feb. 25, 1992.

Richard K. Andrews, Swanson, Midgley, Gangware, Clarke & Kitchin, Kansas City, Mo., for Harold Card.

Dale Kimball, Robert S. Clark, Kimball, Parr, Crockett & Waddoups, Salt Lake City, Utah, for John P. Redd.

Paul H. Niewald, Raymond L. Dahlberg, Niewald, Waldeck & Brown, Kansas City, Mo., for Thomas W. Tierney and Tierney & Ernst.

Reggie C. Giffin, Larry W. Joye, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for Tim D. Compton.

Colvin A. Peterson, Brian D. Williams, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Wright, Herfordt & Sanders.

George E. Feldmiller, Don M. Downing, Stinson, Mag & Fizzell, Kansas City, Mo., for Peat Marwick Main & Co.

Thomas M. Bradshaw, Joseph M. Chiarelli, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for Ira W. Palmer and William H. Palmer.

Van Oliver, Akin, Gump, Straus, Hauer & Feld, Dallas, Tex., for Process Management Co., Inc.

Jack Corinblit, Marc M. Seltzer, Corinblit & Seltzer, Los Angeles, Cal., Herbert E. Milstein, Lisa M. Mezzetti, Cohen, Milstein & Hausfeld, Arthur M. Schwartzstein, Washington, D.C., Robert C. Gordon, Kansas City, Mo., for Biben plaintiffs.

Reed O. Gentry, Matthew R. Davis, Field, Gentry, Benjamin & Robertson, P.C., Kansas City, Mo., for defendant Carl E. Wright.

Paul J. Keil, Claremont, Cal.

## ORDER

SACHS, Chief Judge.

This class action alleges securities fraud based on Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j. Defendants Redd and Jallow seek to require absent class members to submit a statement of their claims (the Claims Motion), while Jallow moves to bifurcate the trial into a liability phase and a proof-of-claim phase and to reserve the award of damages to the proof-of-claim phase (the Damages Motion).

■ The court will first address the Damages Motion. In a securities fraud case, actual damages are measured by calculating the plaintiff's out-of-pocket loss, which equals the difference between the purchase price of the security and its actual value. *Harris v. Union Electric Co.*, 787 F.2d 355, 367 (8th Cir.), *cert. denied*, 479 U.S. 823, 107 S.Ct. 94, 93 L.Ed.2d 45 (1986).

■ In a § 10(b) class action, damages are calculated using the same formula on an individual basis. The jury must determine the value of the security absent the misrepresentation. Once the true value is established, it should be subtracted from the purchase price paid to determine each plaintiff's damages. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 556 (5th Cir.1981), *rev'd. on other grounds*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); *In re Texas International Secur. Litigation*, 114 F.R.D. 33, 43 (W.D.Okla.1987).

■ Jallow contends that if the jury finds liability in the first phase of the trial, it should then determine the true value of the Midwestern stock during the class period. In the second phase of the trial, individual damages should be figured by determining the difference between what each plaintiff paid for the stock and the true value of the stock. At this time, defendants may rebut the presumption of re-

liance created by the fraud-on-the-market theory.

The *Biben* plaintiffs state that they take no position on the merits of Jallow's motion, but argue that the motion is premature until a trial date is set. The court disagrees with this contention. The *Biben* plaintiffs set forth no reason why the motion cannot be ruled until a trial date is set. To the contrary, ruling the motion will aid the court in setting a trial date because the court will know whether one or two proceedings are necessary and the length of each proceeding.

Moreover, expert depositions have not been taken, and ruling on the motion will determine the nature of the damages experts' testimony. Should the court adopt Jallow's recommended two-step procedure, it is possible that expert testimony on aggregate damages will be irrelevant.

In *Jaroslawicz v. Engelhard Corp.*, 724 F.Supp. 294 (D.N.J.1989), the defendants sought to limit the damages question at trial to determining the securities' true value, and requested a separate proceeding to 1) determine damages on an individualized basis, and 2) to rebut individual class member's allegations of reliance. The district court agreed with defendant and rejected the named plaintiff's attempt to recover a single award for the entire class.

The *Jaroslawicz* court examined the fraud-on-the-market theory as declared by the plurality in *Basic, Inc. v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). Although a majority did not agree that the fraud-on-the-market theory authorized a presumption of reliance, every Justice recognized that individualized proof of the shareholder's knowledge at the time of purchase could rebut the presumption. 485 U.S. at 248, 251, 108 S.Ct. at 992, 993.

The *Jaroslawicz* court found that it would be either redundant or judicially inefficient to permit an aggregate award that assumed reliance when the defendants would later be allowed to rebut reliance as to each class member. Accordingly, the district court concluded that the named plaintiff's desire to receive an award of damages in a lump sum amount at the trial

level fell to *Basic*'s mandate that reliance be capable of rebuttal on an individual level. *Jaroslawicz*, 724 F.Supp. at 303.

The court finds *Jaroslawicz* convincing. It clearly explains the procedural ramifications of ascertaining damages in a post-*Basic* § 10(b) action. The *Biben* plaintiffs cite several cases which hold that the entry of an aggregate class damages judgment is an acceptable method of awarding damages. *See Van Gemert v. Boeing Co.*, 553 F.2d 812 (2d Cir.1977); *Harmsen v. Smith*, 693 F.2d 932, 945–46 (9th Cir.1982), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 576–77 (2d Cir.), *cert. denied*, 459 U.S. 838, 908, 103 S.Ct. 86, 213, 74 L.Ed.2d 80, 170 (1982). These cases are not persuasive because they precede the Supreme Court's ruling in *Basic* that defendants may rebut a fraud-on-the-market theory by submitting individual proof that the class members did not purchase the stock in reliance upon the market.

Moreover, the court agrees with Jallow that determining damages on an individualized basis avoids the problem of collecting and distributing excess damages.

Accordingly, the first phase of trial should address liability and the true value of the shares (and perhaps issues of class-wide rebuttal). Then the court will hold a second proceeding to determine individual class member's damages and to hear any evidence rebutting the presumption of reliance as to each class member.

■ The Claims Motion addresses the timing of the class members' submission of their claims. Redd and Jallow (the moving parties) want the absent class members to submit proof of their claims now, rather than after liability is determined. The court would dismiss the claims of class members who fail to respond. The moving parties could use the gathered information as a basis to decertify the class.

The moving parties contend that an accurate assessment of damages would facilitate settlement and provide information aiding the jury's determination of "true

value."[1] The moving parties contend that settlements between the *Biben* plaintiffs and Wright Herfordt & Sanders (WHS), and between the *Biben* plaintiffs and Peat Marwick & Main (PMM) will motivate the class members to respond to the notice.

The moving parties assert that Fed. R.Civ.P. 23 gives the court sufficient discretion to require early submission of claims. The court agrees. Rule 23(d)(1) provides that a court may make appropriate orders determining the course of proceedings to prevent complication in the presentation of evidence or argument. Rule 23(d)(2) provides that the court may require the class members to intervene and present claims or defenses, or otherwise to come into the action. The Advisory Note to the 1966 Amendment to Rule 23(d)(2) confirms that the court may ask class members to present individual claims "once the class certification decision has been made."[2]

The moving parties cite several cases where courts required submission of claims prior to a finding of liability. *Harris v. Jones*, 41 F.R.D. 70, 74–75 (D. Utah 1966); *Lamb v. United Security Life Co.*, 59 F.R.D. 25, 43 (S.D. Iowa 1972); *Forbes v. Greater Minneapolis Area Board of Realtors*, 61 F.R.D. 416, 418 (D.Minn.1973); *Minnesota v. United States Steel Corp.*, 44 F.R.D. 559, 577 (D.Minn.1968); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 459 (E.D.Pa. 1968); *Biechele v. Norfolk & W.R. Co.*, 309 F.Supp. 354, 359 (N.D. Ohio 1969). *See also Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir.1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30

L.Ed.2d 792 (1972) (dismissal prior to judgment warranted where absent class members failed to respond to interrogatories and request for production of documents).

This court previously denied defendants' request to obtain information from the class members, but suggested that the court could direct the filing of proofs of claim if a settlement is reached. (Court Order, June 6, 1986, p. 3). Such a settlement has occurred. Although final court approval has not occurred, all objections to the $2 million settlement between the *Biben* plaintiffs and WHS have been resolved and the parties are simply waiting for the court's signature. Furthermore, the *Biben* plaintiffs have agreed to basic settlement terms with PMM for an undisclosed amount of not less than $2 million. (Redd's Additional Reply Suggestions, p. 1–2).

The information provided by the class members about each transaction will aid a jury in determining the "true value" of securities bought and sold. The proofs of claim should provide an accurate listing of the transactions engaged in by Midwestern shareholders during the relevant period. Moreover, it is the court's impression that the disparity in the parties' expectations regarding damages is impeding settlement discussions. The WHS and PMM settlements should spur class members to provide the information requested. In addition, the class members will ultimately have to submit proofs of claim. On balance, the information sought is sufficiently important at this point in time to justify barring non-responding class members from the class.[3]

1. Jallow and Redd also argue that the information is necessary to rebut the fraud-on-the-market theory proposed by plaintiffs. They also argue that the submission of claims would eliminate the possibility of a judgment in excess of actual damages being rendered against the defendants. In light of the court's ruling that evidence of individual reliance and damages shall be limited to the proof-of-damages phase, and that damages will be measured as in *Jaroslawicz*, the gathering of information for these particular purposes need not occur until after liability is established.

2. Commentators recognize the court's discretion to require early submission of proofs of claim.

Consideration of the facts of each particular case may compel such a procedure. Wright, Miller & Kane, *Federal Practice and Procedure*, § 1787, p. 218 (1986).

3. The *Biben* plaintiffs contend that early submission of proofs of claim is a ploy by defendants to dissuade class members from submitting their true damages. The court is not willing to attribute this motive to defendants, and the WHS and PMM settlements should ensure that such a plan would fail.

Moreover, dismissal of class members' claims is not an unprecedented move by this court. On August 27, 1991, I recently ordered absent employees in *IFFA v. TWA*, Case No. 86–6084–CV–

The *Biben* plaintiffs rely upon *B & B Invest. Club v. Kleinert's Inc.*, 62 F.R.D. 140 (E.D.Pa.1974), where the court refused to require submission of claims until liability or a recovery fund was established. *Id.* at 148–49. Otherwise, the court held that there was not sufficient incentive for absent class members to respond. *Id.* at 151. The court emphasized, however, that the decision was limited to the particular action before the court, where the defendants had not persuaded the court that submission of claims was necessary.

Although *B & B Invest. Club* is persuasive reading, the factors in the instant case compel the opposite result. In the present case, information about the true value of damages is needed in the liability stage of trial. Moreover, the request for submission of claims comes almost six years after class certification was conditionally granted. More importantly, a $2 million settlement with WHS is imminent, and the basic terms of another settlement for at least $2 million have been agreed to by the *Biben* plaintiffs and PMM. Without attempting to forecast fees and expenses, these settlements should provide sufficient incentive to the class members to respond to the notice, unlike *B & B Invest. Club*.

The *Biben* plaintiffs contend that the authorities cited which allow early submission of claims are outdated and no court has allowed early submission of claims since the early 1970's. This argument does not compel the court to deny the request. Although the cases are somewhat dated, the procedure has not been widely condemned by courts or commentators since those courts implemented it.

The *Biben* plaintiffs argue that some of the cited cases are distinguishable because the class members had not received their initial notice and opportunity to opt-out. In this case, the class members received their notice and opportunity to opt-out. Consequently, the defendants already know which class members choose not to participate in the actions.

This argument does not convince the court to deny the Claims Motion. Not all of the supporting cases are distinguishable in this manner. In fact, some of the cases the *Biben* plaintiffs claim are distinguishable address the submission issue at the time that class certification is sought, but actually hold that proofs of claim may be required later, *after* the determination of exclusion is made, as in this case. *Harris, supra; Lamb, supra; Forbes, supra.* Second, the class members' responses to the initial opt-out notice did not disclose the information necessary for the damages issue or for settlement. In fact, the court refused to require the class members to submit such information at that time. Now that the information is pertinent and settlements imminent, submission is justified.

The *Biben* plaintiffs argue that submission of proofs of claim is inappropriate where the class is large and each individual claim is small. *In re Antibiotic Antitrust Actions*, 333 F.Supp. 267, 271 (S.D.N.Y. 1971). The court in *Antibiotic* declined to require proofs of claim because it was possible that none of the class members had a claim large enough to justify the expense of preparing a proof of claim form until they are assured of a recovery. *In re Antibiotic Antitrust Actions*, 333 F.Supp. 278, 282 (S.D.N.Y.1971).

These concerns are not present in the instant case, where the plaintiffs have settled for $2 million and tentatively settled for at least another $2 million. The sums are ample and the case is sufficiently advanced so that submission at the current time is proper, even if a large majority of the shareholders hold a limited number of shares. The court will attempt to minimize the expense incurred by the class members when it decides what questions to include in the proofs-of-claim forms.

The *Biben* plaintiffs argue that the Advisory Committee Notes for Rule 23 suggest that proofs of claim should be filed after a trial or recovery. However, the Advisory Committee Notes are not conclusive, nor is the quoted language mandato-

SJ-6, to respond to interrogatories or face dismissal for failure to prosecute.

ry. The discretion given the court by Rule 23 renders this argument unpersuasive.

The *Biben* plaintiffs next contend that requiring the parties to submit proofs-of-claim before an assessment of liability is a violation of procedural due process under *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), because the absent class members are essentially being asked to "opt-in" to the class.

*Shutts* does not address the situation in the case at bar. Submission of proofs of claim at this stage in the proceedings is not an "opt-in" requirement. In the instant case, the class representatives complied with due process requirements as explained by *Shutts* when they gave the Midwestern shareholders notice of the class action and an opportunity to opt-out in 1986. Now is the time for the class members to show that they have been damaged by the defendants' actions. Asking class members to submit claims will not impede the prosecution of this action, a *Shutts* concern.

All courts hearing class actions require class members to either show damages or lose their claims. Although submission generally occurs after a finding of liability, *Shutts* does not hold that earlier submission of claims violates due process. The court agrees with the *Lamb* case, which held that dismissal after failure to submit claims presents no due process problems where class members have already been identified and notified. *Lamb*, 59 F.R.D. at 43.

The *Biben* plaintiffs next contend that the proof-of-claim procedure would delay this class action by fifteen months due to the difficulties in locating the class members.[4] This contention actually compels the court to commence the proof-of-claim procedure now while other endeavors such as expert testimony and resolution of motions can occur rather than after liability has been established.

■ The *Biben* plaintiffs also argue that the notice requirement is expensive. The plaintiffs would normally pay for the cost of notice for submission of proofs of claim, yet the defendants are seeking information regarding reliance which would normally be done through interrogatories at the defendants' expense. Consequently, the court finds that the plaintiffs should bear 50% of the cost of the notice, and defendants (including non-moving defendants) should bear 50% of the cost.

The *Biben* plaintiffs also contend that the form submitted by Redd requires too much documentation, is oppressive, and fails to inquire about other pertinent information. They seek to submit a proposed form of their own. Redd has agreed to include appropriate additional questions which the *Biben* plaintiffs seek to include. Hopefully, the parties can agree upon a proper form.[5]

Accordingly, it is hereby

ORDERED that Jallow's Motion to Reserve the Award of Damages to the Proof of Claim phase is GRANTED. It is further

---

**4.** Although the court assumes that this estimate might be accurate, the court doubts that a lengthy period is required to locate almost all the absent class members. The court notes that many of the class members were located when the *Biben* plaintiffs sent notices of the WHS settlement to the class members earlier this year. The *Biben* plaintiffs represented to the court that the WHS settlement notice complied with due process requirements. (The *Biben* plaintiffs Suggestions in Support of Proposed Partial Settlement, pp. 27–8, dated September 6, 1991). Because this mailing presumably located many class members who moved during the last five years, the time and expense associated with the proof-of-claim notice will be less expensive than the most recent mailing. The court retains authority to excuse a few persons who

may fail, with good cause fully demonstrated, to file a timely response.

**5.** In order to further encourage responses, the court asks the parties to include a statement similar to the following one in the notices:

The court anticipates that settlements with some if not all of the remaining defendants will increase the sum available to the plaintiff class. In lieu of settlement, the court intends to schedule the trial of this case promptly, and the plaintiff class may obtain a judgment at the trial's conclusion. YOU MUST COMPLETE AND RETURN THIS FORM IN A TIMELY FASHION IN ORDER NOT TO LOSE YOUR CLAIM TO ANY SETTLEMENT OR JUDGMENT OBTAINED BY THE PLAINTIFF CLASS.

ORDERED that Redd and Jallow's Motion to Require Submission of Claims is GRANTED. It is further

ORDERED that in the event the parties cannot agree upon an acceptable proof-of-claim form the *Biben* plaintiffs may submit within twenty (20) days of the date of this order a proposed proof-of-claim form, along with suggestions in support of their proposed form. It is further

ORDERED that Redd and Jallow may respond within ten (10) days of the *Biben* plaintiffs' suggestions.